# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT, | CASE NO. 1:05-cv-01022-YNP PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Doc. 41) |
| DAVID NORMAN, et al., | |
| Defendants. | |

Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Kern Valley State Prison in Delano California. However, the events described in Plaintiff's complaint occurred while he was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("CSATF-CSP"). Plaintiff is suing under section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff names Martin Gamboa (correctional officer), Angel Duran (correctional officer), Manuel Torres (correctional officer), Tracy Jackson (correctional officer), Johnny Mata (correctional officer), Jason Barba (correctional officer), John Doe #8 (correctional officer), Harold Duncan (correctional officer), Doxie Fachinello (registered nurse), M. Ramiscal (registered nurse), R. Hernandez (registered nurse), John Doe #7 (medical doctor), D. Fulks (facility captain), A. Fouch (correctional lieutenant), A. Castro (correctional investigative unit sergeant), David Norman (investigative services unit correctional officer), Brad Tweedy (investigative services unit officer), John Doe #5 (correctional

1

lieutenant), and Derral G. Adams (warden) as defendants. Plaintiff has consented to jurisdiction by U.S. Magistrate Judge (doc. #9) and no other parties have made an appearance in this action.

For the reasons set forth below, the Court finds that Plaintiff states cognizable claims against Defendants Gamboa, Duran, and Torres for the use of excessive force against Plaintiff in violation of the Eighth Amendment. The Court finds that Plaintiffs' remaining claims are either not cognizable or not properly joined in accordance with the requirements of the Federal Rules of Civil Procedure. Those claims will be dismissed without leave to amend and this action will proceed on Plaintiff's Eighth Amendment claims against Gamboa, Torres and Duran.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual

allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Background

### A. Procedural Background

Plaintiff filed the original complaint in this action on August 9, 2005. (Doc. #1.) Plaintiff filed an amended complaint on January 11, 2006. (Doc. #19.) Plaintiff filed a motion to amend his complaint on December 21, 2006. (Doc. #25.) Plaintiff's motion to amend was granted on January 10, 2007. (Doc. #26.) Plaintiff filed his second amended complaint on January 31, 2007. (Doc. #27.) On August 14, 2008, the Court screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A. (Doc. #35.) The Court found that Plaintiff's second amended complaint failed to state any claims and did not comply with the Federal Rules of Civil Procedure. Plaintiff's second amended complaint was dismissed and Plaintiff was given leave to file a third amended complaint. Plaintiff filed his third amended complaint on October 30, 2008. (Doc. #41.) This action proceeds on Plaintiff's third amended complaint.

### B. Factual Background

On November 4, 2003, Plaintiff refused to enter a single-occupancy shower stall with inmate Sven Johnson, causing a confrontation with Defendant Torres. Plaintiff wished to stand outside the shower until Johnson was finished, which angered Torres and caused a verbal argument. Torres then spoke with Defendants Gamboa and Duran. Gamboa and Duran later ransacked Plaintiff's cell. Gamboa and Duran ordered Plaintiff to return to his cell. When Plaintiff saw what happened, he requested to see the sergeant supervisor. Gamboa then grabbed Plaintiff's shirt and shoved him into the cell. Gamboa landed on top of Plaintiff and began to choke Plaintiff with one hand and bludgeoned Plaintiff with a flashlight with his other hand. Duran had entered the cell and began hitting Plaintiff with his baton. The attack continued for 3-4 minutes. Torres had also arrived during the attack but initially did not intervene. After witnessing the attack for a while, Torres activated the housing unit alarm. The officers left Plaintiff lying on the cell floor in a pool of blood.

///

Plaintiff stood up and left his cell. Gamboa and Duran were inspecting their clothing for any blood from Plaintiff. Gamboa then noticed that Plaintiff exited his cell. Gamboa pepper sprayed Plaintiff and began hitting Plaintiff with a baton. Plaintiff then began struggling with Gamboa and Duran. Torres shot Plaintiff with a round from a block gun. Other correctional officers responded to the alarm. Plaintiff was placed in restraints by Michael Pallares and Defendants Barba and Duncan. Duncan and Pallares escorted Plaintiff out of the housing unit, onto an emergency gurney, into a van and taken to an emergency room due to an open wound in his head. Plaintiff received surgery which included large staples to Plaintiff's skull to close the wound. Plaintiff was cleared for transfer back to CSATF-CSP by Dr. Deering.[1] Defendant Doxie Facchinello washed off the blood from Plaintiff's face and hands with a wet sponge. Plaintiff complains that Facchinello filed a false medical report that indicated that Plaintiff sustained an injury to the back of his skull.[2] Facchinello "applied an unnecessar[ily] large bandage to Plaintiff's hand" and correctional officers cut off Plaintiff's clothes.

Plaintiff makes numerous complaints about prison officials making false statements, mishandling evidence, and falsely accusing Plaintiff of rules violations in connection with the November 4, 2003 incident. Plaintiff claims that the misconduct violated his rights under the Due Process Clause of the Fourteenth Amendment.

Plaintiff also claims that his rights were violated when prison officials placed a spit mask over Plaintiff's head.[3] Plaintiff claims that Jack Hill instructed Defendant Harold Duncan to place a spit mask over Plaintiff's head after falsely asserting that Plaintiff was spitting. Plaintiff claims that the mask impaired his breathing and endangered his life.

///

///

---

[1] Plaintiff makes numerous complaints about the medical treatment he received from Dr. Deering. However, Dr. Deering is not named as a defendant and the Court assumes that Plaintiff is not attempting to state any claims against him.

[2] Plaintiff describes the report as false, but provides no explanation as to why the report was false.

[3] The chronology of this event is unclear. The incident appears to have occurred sometime after the November 4, 2003 attack while Plaintiff was being escorted from the housing unit.

## III. Discussion

### A. Improperly Joined Claims

The incidents alleged in Plaintiff's complaint range from the use of excessive force by correctional officers, improper medical treatment for injuries sustained from the use of excessive force, the mishandling of evidence from the use of force incident, and the issuance of a false RVR stemming from the use of force incident. Although all the incidents are related in the sense that they all stem from the use of excessive force that occurred on November 4, 2003, the incidents are factually distinct because proving Plaintiff's legal claims related to each incident involves proving discrete sets of facts regarding the conduct of separate defendants.

Plaintiff may not bring all his claims in a single lawsuit. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[4] 28 U.S.C. § 1915(g).

The Court will allow Plaintiff to proceed in this action on his claims against Defendants Torres, Gamboa, and Duran for the use of excessive force in violation of the Eighth Amendment. The Court finds that Plaintiff's remaining claims are either not cognizable, or have been improperly joined in a single lawsuit. Although Rule 18(a) would allow Plaintiff to join any other claims he has against Defendants Torres, Gamboa, and Duran to this action, the Court finds that Plaintiff's other claims against Torres, Gamboa, or Duran are not cognizable. See discussion infra Part III.C. Rule 20(a) would allow Plaintiff to raise any other claims that arise out of the same transaction,

---

[4]The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner. 28 U.S.C. §1915(a),(g).

5

1 occurrence, or series of transactions in this lawsuit and involve common questions of law and fact. However, the Court finds that Plaintiff's claims with respect to his deficient medical care, the mishandling of evidence related to his claims, and Plaintiff's false RVR did not arise out of the same transaction, occurrence, or series of transactions as the use of excessive force incident. Further, his claims involve separate questions of law and fact (use of excessive force, contrasted with inadequate due process, contrasted with inadequate medical care).

Plaintiff was previously informed of the joinder requirements of the Federal Rules of Civil Procedure in the Court's prior screening order. (Order Dismissing Second Amended Compl. With Leave to Amend 4:20-5:6.) Plaintiff continues to provide no persuasive argument that would permit the joinder of all his claims. As such, the Court finds that granting further leave to amend would be futile. This action will proceed on Plaintiff's claims with respect to the use of force incident that occurred on November 4, 2003. Plaintiff's remaining claims will be dismissed without prejudice to Plaintiff's ability to raise them again in separate actions.

### B.     Eighth Amendment Claims

Plaintiff claims that his rights under the Eighth Amendment were violated when prison officials used excessive force against him. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when

6

he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1. **Claims Against Defendants Torres, Gamboa, and Duran**

Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff claims that Defendants Gamboa and Duran brutally attacked Plaintiff in his cell causing injuries severe enough to require surgery. Plaintiff claims that he was attacked because he refused to enter a single occupancy shower that another inmate was already using. Plaintiff states cognizable claims against Defendants Gamboa and Duran for the use of excessive force in violation of the Eighth Amendment.

Plaintiff claims that Defendant Torres was present in his cell while Gamboa and Duran brutally attacked Plaintiff. Instead of intervening, Torres simply acquiesced and allowed the alleged constitutional violation to take place. Plaintiff also claims that Torres shot Plaintiff with a block gun when Plaintiff exited his cell and was again brutally attacked by Gamboa and Duran. Plaintiff states

///

a cognizable claim against Defendant Torres for the violation of Plaintiff's rights under the Eighth Amendment.

### 2. Claims Against Defendant Duncan

Plaintiff claims that Jack Hill[5] instructed Defendant Harold Duncan to place a spit mask over Plaintiff's head. Plaintiff claims that the spit mask inhibited his breathing and therefore endangered his life. However, Plaintiff's allegations fail to demonstrate that either Hill or Duncan were aware that the spit mask posed an excessive risk to Plaintiff's safety, nor does Plaintiff allege that Hill or Duncan placed the spit mask on Plaintiff's head deliberately to cause harm. Placing a spit mask over a person's head is not an inherently obvious method of causing someone harm. The danger to person's ability to breathe does not seem inherently obvious because, presumably, a spit mask does not normally pose a danger to the wearer's safety. Absent any specific facts regarding the dangerousness of the spit mask, such as whether Plaintiff's injured condition somehow caused the spit mask to be more dangerous, or whether prison officials are regularly using defective spit masks, the Court does not find that Plaintiff's allegations are sufficient to support a claim under section 1983. Plaintiff fails to state any cognizable claims against Defendant Duncan for the violation of Plaintiff's rights under the Eighth Amendment.

Plaintiff was previously informed by the Court that his Eighth Amendment claims against Duncan (and Hill) were not cognizable and Plaintiff was also given the relevant legal standards for stating Eighth Amendment claims. (Order Dismissing Second Amended Compl. 4:4-8:13.) Plaintiff's third amended complaint does nothing to meaningfully address the deficiencies identified by the Court. As such, the Court finds that granting Plaintiff further leave to amend would be futile. Plaintiff's Eighth Amendment claims against Duncan will be dismissed without leave to amend.

### C. Fourteenth Amendment Claims

Plaintiff claims that Defendants violated his rights guaranteed by the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects prisoners from being deprived of

---

[5] It is unclear whether Plaintiff is attempting to raise claims against Jack Hill. Jack Hill is not listed in Plaintiff's list of defendants. However, because the Court finds that Plaintiff's claims against Defendant Harold Duncan are not cognizable, his similar claims against Hill are also not cognizable.

liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether a hardship is sufficiently significant enough to warrant due process protection, the Court looks to (1) whether the challenged condition mirrored those conditions imposed upon inmates imposed upon inmates in administrative segregation and protective custody and is thus within the prison's discretionary authority to impose, (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

Plaintiff claims that Gamboa, Duran, and Torres violated Plaintiff's rights under the Due Process Clause by attacking Plaintiff. Plaintiff claims that he has a protected liberty interest to be free from cruel and unusual punishment. The Court finds that Plaintiff's proposed "liberty interest" is an interest that is explicitly protected under the Eighth Amendment. Rather than recognize a duplicative cause of action under the Fourteenth Amendment's Due Process Clause, the Court finds that Plaintiff's claims based on the use of excessive force are more properly analyzed under the Eighth Amendment. Plaintiff's due process claims based on the use of excessive force will be dismissed.

Plaintiff claims that Gamboa, Duran and Torres filed a false report accusing Plaintiff of committing battery on a peace officer to cover up their attack. Plaintiff claims that the false accusation violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations. Further, Plaintiff has not alleged any facts that tend to show that he has a protected liberty interest to be free from false accusations. Since the purported liberty interest to be free from false accusations cannot be found within the Due Process Clause itself, it must come from state law.

Plaintiff offers no factual allegations that suggest that California Law creates a liberty interest in being free from false accusations. Liberty interests created by state law in the prison context are limited to "atypical and significant" hardships. Plaintiff offers no factual allegations demonstrating that the false accusations were atypical or significant. It is unclear what the consequences of the false accusations were, or what the consequences of being found guilty of the false accusations at the disciplinary hearing were .

Rather than provide a guarantee against false accusations generally, the Due Process Clause guarantees certain procedural protections utilized to defend against false accusations. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Plaintiff has not alleged that Defendants Gamboa, Duran, and Torres deprived Plaintiff of any of the five minimum procedural requirements set forth in Wolff. As such, the Court cannot conclude that Plaintiff was denied any of the procedural rights guaranteed by the Due Process Clause. Plaintiff fails to state any cognizable claims against Defendants Gamboa, Duran, or Torres for the violation of his rights under the Due Process Clause of the Fourteenth Amendment.

The Court has previously informed Plaintiff of the deficiencies in his due process claims by providing Plaintiff with the relevant legal standards. (Order Dismissing Second Amended Compl. 8:14-12:27.) Plaintiff's third amended complaint makes no meaningful effort to address the legal

///

standards provided by the Court. As such, the Court finds that granting Plaintiff further leave to amend would be futile. Plaintiff's due process claims will be dismissed without leave to amend.

IV. **Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Gamboa, Duran, and Torres for the use of excessive force in violation of the Eighth Amendment. However, Plaintiff's remaining claims are not cognizable and/or are not properly joined in accordance with the Federal Rules of Civil Procedure. Plaintiff was previously informed of the deficiencies in these claims and provided with the opportunity to amend. Plaintiff's third amended complaint failed to meaningfully address the deficiencies in these claims. The court finds that the deficiencies in these claims are not curable by further amendment of his complaint.

Accordingly, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's third amended complaint, filed on October 30, 2008, against Defendants Gamboa, Duran, and Torres for the use of excessive force in violation of the Eighth Amendment; and

2. Plaintiff's remaining claims be dismissed for failure to state a claim and improper joinder under the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

**Dated:** **March 17, 2010**                    /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE