1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  TROAS V. BARNETT,                                CASE NO. 1:05-cv-01022-SKO PC

10                   Plaintiff,                     ORDER RE MOTIONS

11       v.                                         (Docs. 58, 66, 67)

12  DAVID NORMAN, et al.,

13                   Defendants.

14  _____/

15       Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are three motions.

17  Defendants filed a motion requesting leave to take Plaintiff's deposition via a video conference on

18  July 19, 2010.  (Doc. #58.)  Plaintiff filed two motions on August 2, 2010.  Plaintiff filed a motion

19  to "quash" Defendants' discovery request and a second "discovery request" seeking the last known

20  address for Defendant Martin Gamboa.

21  **I.      Discussion**

22       **A.      Defendants' Motion to Take Deposition Via a Video Conference**

23       On July 19, 2010, Defendants filed a motion requesting leave to conduct Plaintiff's

24  deposition via a video conference.  (Doc. #58.)  Plaintiff filed objections to Defendants' motion on

25  July 30, 2010.  (Doc. #63.)

26       Defendants request to take Plaintiff's deposition via a video conference because it would be

27  more expeditious and cost effective to conduct the deposition remotely.  Plaintiff's opposition does

28  not object to the means of conducting the deposition, but instead objects to the deposition itself.

1

1    Plaintiff's opposition sets forth several unsupported boilerplate objections to the proposed

2    deposition.  Plaintiff claims that a deposition would be unreasonably cumulative or duplicative

3    because Defendants can obtain the information they seek by more convenient methods such as

4    interrogatories or requests for admission.  However, written interrogatories and requests for

5    admission are not adequate substitutes for conducting a deposition.  As the Ninth Circuit aptly noted:

6    [w]ritten interrogatories are rarely, if ever, an adequate substitute for
     a deposition . . . . Only by examining a witness live can a lawyer use
7    the skills of his trade to plumb the depths of a witness' recollection,
     using to advantage not only what a witness may have admitted in
8    answering interrogatories, but also any new tidbits that usually come
     out in the course of answering carefully framed and pin-pointed
9    deposition questions. Written interrogatories are not designed for that
     purpose; pointed questions at deposition are the only effective way to
10   discover facts bottled up in a witness' recollection, particularly when
     the witness is . . . hostile.

11

12   Shoen v. Shoen, 5 F.3d 1289, 1297 (9th Cir. 1993).

13   Plaintiff claims that the information Defendants are seeking can be obtained by less

14   burdensome and less expensive means.  Plaintiff's objection is unavailing.  First, Plaintiff has not

15   identified any expense that he must pay in order for Defendants to conduct the deposition.  Plaintiff

16   has offered no explanation as to how the deposition is overly burdensome for him.

17   Plaintiff requests a protective order pursuant to Federal Rule of Civil Procedure 26(c) to

18   prohibit Defendants from deposing him.  The purpose of a protective order under Rule 26(c) is to

19   protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Federal

20   Rule of Civil Procedure 26(c)(1).  "The relevant standard for purposes of Rule 26(c) is whether good

21   cause exists to protect the information from being disclosed to the public by balancing the needs for

22   discovery against the need for confidentiality." Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678

23   (9th Cir. 2010) (internal quotations and citations omitted).  Plaintiff has failed to present a

24   compelling argument that any of these factors apply in this situation.

25   Plaintiff has not identified any confidential or private information that merits protection.

26   Plaintiff's objection to the proposed deposition is nothing more than a general complaint of having

27   to be deposed.  However, Plaintiff brought Defendants into court by accusing them of violating his

28   constitutional rights.  Defendants are entitled to a fair opportunity to defend against Plaintiff's

2

1    allegations.  Given the nature of Plaintiff's allegations, a deposition of Plaintiff would likely be a

2    crucial procedure for formulating an effective defense.  Plaintiff argues that Defendants are

3    "sufficiently . . . on notice" of the injuries Plaintiff suffered through the allegations made in his

4    complaint.  However, that is not sufficient to formulate a complete defense against Plaintiff's

5    allegations.  Defendants may be able to obtain information from Plaintiff's deposition that Plaintiff

6    did not allege in his complaint.  There is nothing in the record to suggest that the deposition of

7    Plaintiff is being conducted for an improper purpose.  The Court will deny Plaintiff's request for a

8    protective order.

9         Plaintiff next argues that Defendants are attempting to conduct a deposition before the time

10   frame specified in Federal Rule of Civil Procedure 26(d), which states that "[a] party may not seek

11   discovery from any source before the parties have conferred as required by Rule 26(f)."  Apparently,

12   Plaintiff only read the first half of Rule 26(d).  The rule further provides that: ". . . except in a

13   proceeding exempted from initial disclosure under Rule 26(a)(1)(B). . ."  Under Rule 26(a)(1)(B),

14   "an action brought without an attorney by a person in the custody of the United States, a state, or a

15   state subdivision" is a "proceeding exempted from initial disclosure."  Federal Rule of Civil

16   Procedure 26(a)(1)(B)(iv).  Rule 26(d) further provides that a Rule 26(f) conference is not a

17   prerequisite for conducting discovery when discovery is "authorized . . . by court order."  The

18   Court's July 20, 2010 discovery order expressly permitted the parties to conduct depositions.

19        Finally, Plaintiff requests that in the event that the Court permits Defendants to depose

20   Plaintiff, the Court should limit the duration of the deposition to 90 minutes.  Under Rule 30(d)(1),

21   a deposition is limited to a single day of seven hours, unless otherwise stipulated or ordered by the

22   court.  Plaintiff has failed to demonstrate any persuasive reason to shorten the default time limit.

23   Plaintiff's unsupported arguments that the deposition is being conducted for an improper purpose

24   are not persuasive.  The Court will grant Defendants' request for leave to depose Plaintiff via remote

25   means.

26        Plaintiff is hereby forewarned that any further frivolous attempts to delay, hinder, or prevent

27   his deposition will result in sanctions.  Sanctions may include an order that designated facts be taken

28   as established in Defendants' favor, an order prohibiting Plaintiff from supporting or opposing

1  designated claims or defenses, an order preventing Plaintiff from introducing designated matters into

2  evidence, monetary sanctions, or an order dismissing Plaintiff's claims in whole or in part.

3          **B.**     **Plaintiff's Motion to Quash Defendants' Discovery Requests**

4          On August 2, 2010, Plaintiff filed a motion to "quash" or "modify" Defendants' "subpoena

5  for production of document."  (Plaintiffs[sic] Mot. to Modify/Quash Defendants[sic] Subpoena

6  Request.  Pursuant to Fed. R. Civ. P Rule #45(c)(3)(A)(iii) and (B)(iii) 1:26-27, ECF No. 66.)

7  Plaintiff is advised that discovery is a self-executing process.  Plaintiff must direct his responses to

8  Defendants' discovery requests to Defendants, not the Court.  Plaintiff may object to Defendants'

9  discovery requests by invoking a proper objection.

10          However, Plaintiff is also advised that if he responds to Defendants' discovery requests with

11  unjustified objections, Defendants may file a motion to compel pursuant to Federal Rule of Civil

12  Procedure 37.  If Defendants' motion to compel is granted, the Court must require Plaintiff to "pay

13  the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless

14  the Court determines that the objections were substantially justified or other circumstances make an

15  award of expenses unjust.  Federal Rule of Civil Procedure 37(a)(5)(A).  If Plaintiff refuses or is

16  unable to comply with an order awarding attorneys fees to Defendants, Plaintiff may be subject to

17  further sanctions under Rule 37(b), including evidentiary sanctions, or dismissal of this action in

18  whole or in part.  The Court will refrain from addressing whether Plaintiff's objections to

19  Defendants' discovery requests are proper until the arguments are properly raised in a motion to

20  compel.

21          **C.**     **Plaintiff's Motion/Discovery Request for Defendant's Last Known Address**

22          Plaintiff filed a "discovery request seeking the present or last known address of the Defendant

23  not served," Defendant Gamboa.  It is unclear why Plaintiff filed his "discovery request" with the

24  Court and it is unclear whether Plaintiff's request is directed to Defendants, or whether Plaintiff is

25  requesting the Court to provide information on Defendant Gamboa's last known address.  Plaintiff

26  is advised that the Court has no information regarding Gamboa's last known address.  Further, as

27  previously noted, discovery is a self-executing process and Plaintiff's discovery requests must be

28  served directly to Defendants.  Additionally, although Defendant Gamboa has not yet made an

4

1  appearance in this action, the deadline for the U.S. Marshal to effect service of process on Gamboa

2  has not yet passed.  Thus, it is not yet clear whether the U.S. Marshal will be able to locate

3  Defendant Gamboa using the information provided by Plaintiff.  Plaintiff's "motion/discovery

4  request" will be denied.

5        Plaintiff is advised that it is his burden to provide the U.S. Marshal with information

6  regarding Defendant Gamboa's address so that the U.S. Marshal can effect service of process.

7  Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270,

8  275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). If

9  Plaintiff cannot obtain that information, through discovery or otherwise, the Court will dismiss

10  Defendant Gamboa pursuant to Federal Rule of Civil Procedure 4(m).

11  **II.**     **Conclusion and Order**

12        Based on the foregoing, it is HEREBY ORDERED that:

13     1.     Defendants' request for leave to conduct Plaintiff's deposition by remote means is

14         GRANTED;

15     2.     Plaintiff's request for a protective order prohibiting Defendants from deposing him

16         is DENIED;

17     3.     Plaintiff's request to limit the duration of his deposition to 90 minutes is DENIED;

18     4.     Plaintiff's motion to quash Defendants' discovery requests is DENIED; and

19     5.     Plaintiff's motion/discovery request for Defendant Gamboa's last known address is

20         DENIED.

21

22  IT IS SO ORDERED.

23  **Dated:    August 10, 2010**                          /s/ Sheila K. Oberto
                             UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28