# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT, | CASE NO. 1:05-cv-01022-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF"S MOTION TO COMPEL PRODUCTION OF MRIs AND VIDEO |
| v. | (Doc. 70) |
| DAVID NORMAN, et al., | |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A REPLY |
| | (Doc. 103) |

Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 9, 2005. (Doc. 1). This action now proceeds on the Third Amended Complaint, filed on October 30, 2008, against Defendants Martin Gamboa, Angel Duran and Manuel Torres ("Defendants") for events that occurred at California Substance Abuse Treatment Facility, Corcoran. (Doc. 48). Plaintiff is currently housed at Kern Valley State Prison. On July 20, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of March 20, 2011, for completion of discovery, including motions to compel, and a deadline of May 31, 2011, for filing pretrial dispositive motions. (Docs. 59, 77). On August 19, 2010, Plaintiff filed a motion to compel Defendants to provide to the Court a video tape taken of Plaintiff on November 4, 2003, and radiographs of MRIs taken on December 5, 2005. (Doc. 70). In response to a Court order, Defendants filed an opposition on June 9, 2011. (Doc. 102). Plaintiff did not file a reply. Rather, on June 22, 2011, Plaintiff filed a motion for extension of time to file a reply.

1    In his motion, Plaintiff requests for the MRIs and video to be held in Court custody pursuant to local rule 138(f).  It appears from the documents and declarations attached to Plaintiff's motion that Plaintiff is inappropriately attempting to issue subpoenas duces tecum, when the proper procedure requires first that the Court grants a motion for subpoena duces tecum before such subpoena is served on individuals who are not parties to this action.

In response to Plaintiff's request to produce the video of the interview, Defendants respond that they do have access to the DVD of the interview in question and that Plaintiff is able to review the DVD in the litigation coordinator's office and that Defendants will produce said video at trial which appears to meet Plaintiff's request of having the DVD in Court custody.  Additionally, since Plaintiff has moved prisons, Defendants state that they do not have access to Plaintiff's medical records and MRIs since such records would be in the custody of the prison where Plaintiff is currently housed and Plaintiff should direct his request accordingly.  (Doc. 102).

Plaintiff has the ability to view the video on his own accord and the video will be available should there be a trial.  Moreover, since Plaintiff and his medical records are no longer located at Corcoran and Defendants do not have custody or control of Plaintiff's medical files, Plaintiff can request for his medical files from officials at Kern Valley State prison.  Based on the foregoing, Plaintiff's motion to compel production of video and MRIs is DENIED.  (Doc. 70).  Moreover, as Plaintiff failed to demonstrate good cause for extending the time allotted to file a reply, Plaintiff's motion for extension fo time is DENIED.  (Doc. 103).

IT IS SO ORDERED.

Dated:   June 24, 2011

UNITED STATES MAGISTRATE JUDGE