# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID NORMAN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-cv-01022-GBC (PC)<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT<br><br>(Doc. 85) |

Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 9, 2005. (Doc. 1). On July 20, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of March 20, 2011, for completion of discovery, including motions to compel, and a deadline of May 31, 2011, for filing pretrial dispositive motions. (Docs. 59, 77). On November 22, 2010, Plaintiff filed a motion to amend the third amended complaint. (Doc. 85). On December 15, 2010, Defendants filed an opposition. (Doc. 90). Plaintiff did not file a reply.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has been served. Therefore, Plaintiff may not file a second amended complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006)

(quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  *Id.*  The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

In this instance, undue delay, futility and prejudice to opposing party are factors.  "'Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied.'"  *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35 (1982)).  This action was filed August 9, 2005.  (Doc. 1).  Plaintiff filed amended complaints on January 11, 2006, and January 31, 2007.  (Docs. 19, 27).  After the Court screened the complaint and gave leave to amend, Plaintiff filed the third amended complaint on October 30, 2008.  (Doc. 41).  On March 17, 2010, the Court found that some claims could proceed, but dismissed other claims for failure to state a claim and for improper joinder. (Doc. 41).  Specifically, the Court noted that since Plaintiff was already given the legal standards in order to correct the deficiencies in his complaint, further amendment would be futile.  (Doc. 41).  Based on the record, Plaintiff is attempting to add claims that the Court already determined should not be allowed, such as his claim for falsifying records and Plaintiff is attempting to add facts that he either knew or should have known prior to the date he filed suit. (Docs. 41, 85).  Plaintiff tenders no explanation for the delay, asserting in his motion only that he has determined the new claim should be added.  This is insufficient to excuse the years of delay and does not justify leave to amend complaint.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion seeking leave to file a fourth amended complaint, filed November 22, 2010, is DENIED (Doc. 85).

IT IS SO ORDERED.

Dated:   June 24, 2011

UNITED STATES MAGISTRATE JUDGE