# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID NORMAN, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01022-GBC (PC)<br><br>ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY<br><br>(Doc. 83) |

　　　　Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 9, 2005. (Doc. 1). On July 20, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of March 20, 2011 for completion of discovery, including motions to compel, and a deadline of May 31, 2011 for filing pretrial dispositive motions. (Docs. 59, 77). On November 22, 2010, Plaintiff filed a motion to extend the discovery deadline. (Doc. 83). On December 2, 2010, Defendants filed an opposition. (Doc. 86). On December 16, 2010, Plaintiff filed a reply. (Doc. 91).

　　　　A scheduling order controls the subsequent course of an action unless it is modified by the court. Fed.R.Civ.P. 16(e); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). A scheduling order cannot be modified "except upon a showing of good cause." Fed.R.Civ.P. 16(b); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment, and the court may modify the scheduling order if it cannot reasonably be met despite

the diligence of the party seeking the extension. *Johnson*, 975 F.2d at 609 (citing Fed.R.Civ.P. 16 advisory committee's notes). A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087; *see also Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification"). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Plaintiff argues that the extension is necessary because he did not receive an answer to his complaint from Defendant Gamboa until October 19, 2010. (Doc. 83). However, much of Plaintiff's discovery would entail records that could be asked from any of the Defendants and if Plaintiff exercises diligence, four months is sufficient to obtain discovery such as interrogatories from Defendant Gamboa. Moreover, as Plaintiff has filed a morion to set pretrial and has already filed his pretrial statement, it appears that his request for an extension of time to conduct further discovery is moot. (Docs. 98, 99, 100). The Court is cognizant, however, of recent discovery orders and if Plaintiff is able demonstrate that he is able to make a showing as instructed in the Court's order on June 24, 2011, regarding written depositions of prisoners (Doc. 107) or follow the directions in the Court's order on June 24, 2011, regarding seeking discovery of personnel records (Doc. 105), Plaintiff has fifteen (15) days from the date of this order to inform the Court of Plaintiff's desire to continue discovery regarding the issues raised in those two orders and request an extension of the discovery deadline. Based on the foregoing, Plaintiff's motion to extend discovery is HEREBY DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   June 27, 2011

UNITED STATES MAGISTRATE JUDGE