# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID NORMAN, et al.,<br><br>    Defendants.<br> _____/ | CASE NO. 1:05-cv-01022-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(Doc. 72) |

**I.    Procedural History**

Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 9, 2005. (Doc. 1.) This action now proceeds under the Third Amended Complaint, filed on October 30, 2008, against Defendants Martin Gamboa, Angel Duran and Manuel Torres ("Defendants") for events that occurred at California Substance Abuse Treatment Facility, Corcoran. (Doc. 48). Plaintiff is currently housed at Kern Valley State Prison. On July 20, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of March 20, 2011, for completion of discovery, including motions to compel, and a deadline of May 31, 2011, for filing pretrial dispositive motions. (Docs. 59, 77). On October 8, 2010, Plaintiff filed a motion to compel. (Doc. 72). Defendants filed an opposition on October 20, 2010. (Doc. 75). Plaintiff filed a reply on November 22, 2010, titled as a motion in opposition to Defendants' opposition. (Doc. 82).

///

///

**II.      Motion to Compel**

    **A.      Plaintiff's Motion**

Plaintiff seeks the Court to compel Defendants to produce "photographic and VHS evidence on connection with the CDC 115/837 incident report on November 4, 2003." (Doc. 72). According to the motion to compel, on July 27, 2010, Plaintiff filed a request for production of abovementioned documents. (Doc. 72 at 1). According to Plaintiff, on September 16, 2010, Defendants refused to disclose the photographs on the grounds that disclosure would endanger the safety and security of the institution. (Doc. 72 at 1-2). Plaintiff states that Defendants assert privilege to maintain possession of the photographs of the scene where the alleged excessive force took place and photographs demonstrating injury to Plaintiff's skull, photographs of blood on Plaintiff's shoes and clothes, photographs of injuries to Defendants and the VHS video tape made by Sgt. David Andres and Harold Duncan on November 4, 2003. (Doc. 72 at 2-3). Plaintiff states that Defendants provided six pages of descriptions of the photographic evidence, describing Plaintiff's clothing and descriptions of the Defendant's injuries but not the injuries of the Plaintiff. (Doc. 72 at 3). Plaintiff asserts that although he received some photocopies of some of the photographs, those photocopies were not clear. (Doc. 72 at 3).

It appears that Plaintiff's motion to compel involves the Defendants responses to Plaintiff's third and fifth Request for Production ("RFP") which are quoted as follows:

Request for Production No. 3
    All documents that evidence, mention, or refer to the incident of November 4, 2003 at C.S.A.T.F. and State Prison including but not limited to medical records, incident reports, statements and other investigative materials, and documents relating to subsequent staff discipline.

Response to Request for Production No. 3
    Defendants objects to this request on the ground that it is overly broad. Defendants further object on the ground that plaintiff has greater access to his medical records than do defendants. Further, defendants object to this request on the ground that it appears to seek personnel information in violation of the Peace Officer's Bill of Rights. Defendants further object to this request on the grounds that release of copies of certain photographs would endanger the safety and security of the institution. Without waiving these objections, defendants will produce a copy of the 115, documents related thereto, and the 837, except for 8 photographs and a copy of the interview given by plaintiff available for plaintiff to review.

Request for Production No. 5:
    All other documents, items of evidence, or sworn or unsworn statements or

affidavits that relate to the allegations made in plaintiff's complaint.

Response to Request for Production No. 5:
Defendants object to this request on the ground that it is overly broad in its request for "all other documents . . . that relate to the allegations made in plaintiff's complaint" in that such would call for the production of documents protected by the attorney client privilege and the attorney work product doctrine. Further, defendants object to this request on the ground that it appears to seek personnel information in violation of the Peace Officer's Bill of Rights. Defendants further object to this request on the grounds that release of copies of certain photographs would endanger the safety and security of the institution. Without waiving these objections, defendants will produce a copy of the 115, documents related thereto, and the 837, except for 8 photographs and a copy of the interview given by plaintiff available for plaintiff to review.

### B. Defendants' Opposition

Defendants assert that Plaintiff's motion is misleading to the extent that Plaintiff asserts that he was not given "*any*" photographic evidence. Defendants assert that only photographs in which officers appeared were denied from Plaintiff's possession, however, Defendants have informed Plaintiff that such photos are available for his review upon request. (Doc. 75 at 1). Defendants have also asserted that as of the time of submitting the opposition, Plaintiff has not requested to view the photographs. (Doc. 75 at 1). Defendants observe that although "Plaintiff complains that he did not receive photographs, he simultaneously complains that certain photographs he received were not legible." (Doc. 75 at 2).

Defendants argue that since Plaintiff is a level four prisoner serving a life sentence without the possibility of parole and has been convicted of violent offences that it would be a security risk to allow Plaintiff possession of photographs of the officers. (Doc. 75 at 3). Defendants offer Plaintiff the opportunity to review the photographs. (Doc. 75 at 3). Further, Defendants state that Plaintiff's motion to compel was the first notice that Defendants had that some of the photographs were not legible and Defendants state that they will provide color copies to correct the problem. (Doc. 75 at 4).

### II. Conclusion and Order

In light of: 1) the security concerns raised by Defendants; 2) the fact that Plaintiff fails to articulate a compelling need to have actual possession of said photographs; and 3) disputed photographs of officers are available for Plaintiff' upon request, Plaintiff's motion for possession

3

of photographs of officers is denied.  As Defendants stated their cooperation to provide color copies of other evidence requested, Plaintiff's motion to compel is denied with respect to obtaining higher quality photographs. Plaintiff's request for medical records and video of his interview was addressed in the Court's order on June 24, 2011.  (Doc. 104).  Thus, Plaintiff's motion to compel with regards to his medical records and DVD is denied as moot.  Based on the foregoing, Plaintiff's motion to compel filed on October 8, 2010, is DENIED.

IT IS SO ORDERED.

Dated:     June 27, 2011

UNITED STATES MAGISTRATE JUDGE