# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID NORMAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-01022-GBC (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND DISCOVERY<br>(Doc. 113)<br><br>ORDER AMENDING DISCOVERY AND SCHEDULING ORDER<br>Amended Discovery Deadline (Limited): 03/15/2012<br>Amended Pretrial Dispositive Motion Deadline: 05/16/2012 |

      Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 9, 2005. (Doc. 1). On July 20, 2010, the Court issued a Discovery/Scheduling Order establishing a deadline of March 20, 2011 for completion of discovery, including motions to compel, and a deadline of May 31, 2011 for filing pretrial dispositive motions. (Docs. 59, 77). On November 12, 2010, Plaintiff filed a motion to compel personnel records. (Doc. 87). On June 24, 2011, the Court denied Plaintiff's motion to compel based on the fact that Plaintiff failed to follow the proper procedure by first requesting production of documents from Defendants (Doc. 105) and denied Plaintiff's motion to depose prisoner witnesses on the grounds that he failed to make a sufficient showing that he could pay the costs associated with conducting a deposition (Doc. 107). On July 22, 2011, Plaintiff requested an extension of the discovery deadline in order to follow up on the Court's two orders regarding personnel records and depositions of prisoner

1

1  witnesses. (Doc. 113). On August 4, 2011, Defendants filed an opposition. (Doc. 119).

2      The Court's order addressing Plaintiff's discovery motions occurred after the discovery
3  deadline had passed without giving Plaintiff sufficient time to respond to the orders and within a
4  month of the Court's orders, Plaintiff filed a request to extend discovery. In light of the
5  abovementioned factors, the discovery deadline is extended for the limited purpose of allowing
6  Plaintiff to serve a request for the production of documents relating to personnel files[1] on Defendants
7  and to file a motion to compel if necessary.[2]

8      However, as Plaintiff has failed to make a requisite showing of ability to pay for depositions,
9  the Court denies Plaintiff's request for extension of discovery to conduct written depositions. In
10 light of this ruling, the deadline for filing pretrial dispositive motions will be extended to allow for
11 the completion of this limited discovery.

12     Accordingly, it is HEREBY ORDERED that:

13     1.    Plaintiff's motion for extension of discovery is GRANTED in part to the limited
14         extent that Plaintiff can pursue discovery of personnel records. (Doc. 113).

15     2.    Plaintiff has **thirty (30) days** from the date of service of this order within which to
16         serve a request for the production of documents on Defendants, limited to requesting
17         for personnel records;[3]

18     3.    Plaintiff has **thirty (30) days** from the date of service of Defendant's response to file

---

[1] Parts of personnel files can be relevant to claims of excessive force. *See, e.g.*, *Hillblom v. County of Fresno*, 539 F.Supp.2d 1192, 1212 (E.D. Cal. 2008) (police officer's personnel file discoverable in section 1983 action); *Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995) ("information may lead to evidence of a continuing course of conduct reflecting malicious intent" or "reveal the defendant officers' patterns of behavior as well as [their agency's] response to such behavior"); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992); *Baker v. Hatch*, No. CIV S-07-2204 FCD EFB P, 2010 U.S. Dist. LEXIS 91974, at *2-*3, 2010 WL 3212859 (E.D.Cal. Aug.12, 2010). Also, information can be relevant as to issues of credibility about the defendants. *See Tennison v. City & County of San Francisco*, No. C 04 0574 CW (EMC), 2005 WL 89008, at *1 (N.D.Cal. Jan.12, 2005); *Soto*, 162 F.R.D. at 615; *Miller*, 141 F.R.D. at 296 n. 3. Training in areas related to the use of force is also relevant. *See Hernandez v. City of Napa*, No. C 09 0782 EDL, 2010 WL 3001369, at *4 (N.D.Cal. July 29, 2010).

[2] If Defendant objects to Plaintiff's document production request, a motion to compel is the next required step. If the Court rules that the documents are discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a records subpoena. If the Court rules that the documents are not discoverable, the inquiry ends.

[3] Defendant has forty-five days to respond, pursuant to the discovery and scheduling order.

a motion to compel, if any;

4. The discovery deadline is extended to March 15, 2012, to allow for this limited round of discovery;[4] and

5. The pretrial dispositive motion deadline is extended to May 16, 2012.

IT IS SO ORDERED.

Dated:    October 24, 2011

UNITED STATES MAGISTRATE JUDGE

---

[4] If Plaintiff fails to serve a document production request within thirty days, discovery will close. The deadline of February 15, 2011, is dependant upon compliance with this thirty day deadline.

3