# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT, | CASE NO. 1:05-cv-01022-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO RECONSIDER |
| v. | (Docs. 114, 115, 117) |
| DAVID NORMAN, et al., | |
| Defendants. | |

_____/

**I.    Procedural History**

Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 9, 2005. (Doc. 1). On June 25, 2011, the Court denied the following motions: 1) Plaintiff's motion to compel Defendants' personnel records (Doc. 105); 2) Plaintiff's motion to seal photographs (Doc. 106); and 3) Plaintiff's motion for leave to dispose inmate witnesses (Doc. 107). On July 22, 2011, Plaintiff filed a motion to: 1) reconsider the Court's denial of Plaintiff's motion to file photographs under seal in addition to address a new request to consider filing Plaintiff's MRIs under seal (Doc. 114); 2) reconsider the Court's denial of Plaintiff's motion for leave to dispose inmate witnesses (Doc. 115); and 3) reconsider the Court's denial of Plaintiff's motion to compel personnel files (Doc. 117). On August 4, 2011, Defendants filed oppositions to Plaintiff's three motions for reconsideration. (Docs. 120, 121, 122).

## II. Standard Governing Motions for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*. When filing a motion for reconsideration, Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

### A. Reconsideration of Order Denying Motion to File Photographs Under Seal

In his motion for reconsideration, Plaintiff repeats arguments made in his original motion that he fears Defendants will destroy his evidence. (Docs. 106, 114). Plaintiff also adds a new argument requesting the placement of his MRIs under seal. (Doc. 114). Plaintiff has not met his burden under 60(b) to entitle him reconsideration of the Court's order filed on June 24, 2011 (Doc. 106).

### B. Reconsideration of Order Denying Motion to Dispose Inmate Witnesses

In his motion for reconsideration, Plaintiff reiterates that he is indigent and unable to pay the costs associated with deposing inmate witnesses. (Doc. 115). Plaintiff has not presented any new

or compelling arguments to warrant granting Plaintiff's motion for reconsideration of the Court's order filed on June 24, 2011 (Doc. 107) under Rule 60(b).

### C. Reconsideration of Order Denying Motion to Compel Personnel Files

In his motion for reconsideration, Plaintiff presents arguments previously raised and presents additional arguments as to why the Court should compel Defendants to produce personnel files. (Doc. 117). However, in the Court's original order, the Court explained the proper procedure is to first request discovery documents from the Defendants. (Doc. 105). As the Court has recently granted Plaintiff's motion for extension of discovery in order to follow to proper discovery procedure in requesting personnel files first from the Defendants and since Plaintiff fails to meet his burden to prevail in his rule 60(b) motion, Plaintiff's motion for reconsideration of the Court's order denying Plaintiff's motion to compel personnel files, is denied. (Doc. 117).

### III. Conclusion and Order

Based on the foregoing, Plaintiff's motions for reconsideration filed on July 22, 2011, are HEREBY DENIED. (Docs. 114, 115, 117).

IT IS SO ORDERED.

Dated:   October 24, 2011

UNITED STATES MAGISTRATE JUDGE

3