# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID NORMAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-01022-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>Doc. 129 |

      On August 9, 2005, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On March 17, 2010, the Court found a cognizable Eighth Amendment claim for excessive force. Doc. 48. On February 10, 2012, Plaintiff filed a motion to compel. Doc. 129. On February 27, 2012, Defendants filed an opposition to Plaintiff's motion to compel. Doc. 132. On March 15, 2012, Plaintiff filed a reply. Docs. 133, 134.

      In Plaintiff's motion, Plaintiff states Defendants failed to provide records of complaints of excessive force against Defendants for five years prior to November 4, 2003, the date of the alleged incident in this case. Mot. Compel at 9, Doc. 129.

      Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Under Rule 37 of the Federal Rules of Civil Procedure, the court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." *See* Fed. R. Civ. P. 37(a)(3).

In response to Plaintiff's motion to compel, defense counsel submitted a declaration stating that after receiving Plaintiff's discovery request, counsel contacted litigation coordinators at California State Prison, Corcoran and California Substance Abuse Treatment Facility and State Prison at Corcoran. Defs. Opp'n, Jeffery Decl., Doc. 132. Litigation coordinators advised defense counsel that there are no complaints of excessive force against Defendants for five years prior to November 4, 2003. *See id.*

In responding to Plaintiff's discovery requests, Defendants are required to make a reasonable inquiry and their signed discovery responses certify that they have done so. Fed. R. Civ. P. 26(g)(1). Defendants made an inquiry and notified Plaintiff that there are no documents responsive to his request. Therefore, this court cannot compel Defendants to produce documents that do not exist or are not in their possession or control. *See* Fed. R. Civ. P. 34(a)(1). See *also United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them).

Accordingly, Plaintiff's motion to compel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   April 13, 2012

UNITED STATES MAGISTRATE JUDGE