# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT, | CASE NO. 1:05-cv-01022-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER |
| v. | (Doc. 137) |
| DAVID NORMAN, et al., | |
| Defendants. | |
| _____/ | |

## I.  Procedural History

Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 9, 2005. Doc. 1. On April 13, 2012, the Court denied Plaintiff's motion to compel filed February 10, 2012. Doc. 135. On May 11, 2012, Plaintiff filed a motion to reconsider the Court's denial of Plaintiff's motion to compel. Doc. 137. On May 24, 2012, Defendants filed an opposition to Plaintiff's motion for reconsideration. Doc. 138.

## II.  Standard Governing Motions for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse

1 party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ.
2 P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not
3 more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

4 Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin*
5 *Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983)
6 (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce
7 the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634
8 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514
9 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause
10 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v.*
11 *United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser*
12 *Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for
13 'extraordinary circumstances.'" *Id*. When filing a motion for reconsideration, Local Rule 230(j)(3)
14 & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which
15 did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of
16 the prior motion."

17 **A.     Reconsideration of Order Denying Motion to Compel**

18 In his motion for reconsideration, Plaintiff states that "Defendants did not consult the proper
19 authority to produce the personnel records of Defendants." Doc. 137 at 5. According to Plaintiff,
20 the "State Board of Control/Attorney General" has possession of Defendants' personnel files. Doc.
21 137 at 2. Plaintiff fails to demonstrate "new or different facts or circumstances . . . which did not
22 exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior
23 motion." Plaintiff's status as a pro se prisoner is not enough to meet this standard. Moreover, as
24 Plaintiff believes that desired documents are with a third party, the proper procedure is to subpoena
25 the third parties and the Court explained in its order dated October 15, 2011, that Plaintiff must pay
26 the fees associated with subpoenas of third parties. Doc. 126.
27 ///
28 ///

### III. Conclusion and Order

Based on the foregoing, Plaintiff's motion for reconsideration filed on May 11, 2012, is HEREBY DENIED.  Doc. 137.

IT IS SO ORDERED.

Dated:   June 25, 2012

UNITED STATES MAGISTRATE JUDGE