# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT, | CASE NO. 1:05–cv–01022-BAM PC |
| Plaintiff, | ORDER STRIKING UNSIGNED MOTIONS |
| v. | (ECF Nos. 188, 191, 193, 195) |
| MARTIN GAMOBA, ANGEL DURAN, and MANUEL TORRES, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF AN EXPERT WITNESS; MOTION TO FILE AN AMENDED COMPLAINT; AND MOTION FOR A PRETRIAL CONFERENCE |
| Defendants. | |
| | (ECF Nos. 178, 192, 194) |
| | ORDER DIRECTING CLERK'S OFFICE TO TERMINATE DEFENDANTS' MOTION TO MODIFY THE PRETRIAL ORDER |
| | (ECF No. 184) |
| _____/ | |

I.   **Procedural History**

Plaintiff Troas V. Barnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Martin Gamboa, Angel Duran and Manuel Torres for the use of excessive force in violation of the Eighth Amendment.  A motion in limine hearing is set for January 15, 2012, and jury trial is set for January 22, 2012.

On October 12, 2012, a pretrial order issued in this action and on October 24, 2012, Defendants filed a motion to modify the pretrial order.  (ECF Nos. 175, 184.)  After this action was reassigned to the undersigned an amended pretrial order issued on October 29, 2012. (ECF No. 185.)

1

On November 1, 2012, Plaintiff filed an unsigned motion in limine. (ECF No. 188.) On November 8, 2012, Plaintiff filed numerous documents, including an unsigned motion to address Plaintiff's original trial exhibits, motion to amend the complaint, an unsigned motion to disallow Defendants' expert witness, an unsigned document entitled "Plaintiff Proposes the Following Settlement of Findings of Fact and Conclusions of Law, a motion to set a pretrial conference, and a request for judicial notice.[1] (ECF Nos. 191, 192, 193, 194, 195, 196.)

Initially, since the issues in Defendants' motion to modify the pretrial order were addressed in the amended pretrial order, the Clerk's Office is directed to terminate Defendants' motion to modify the pretrial order.

## II.   Unsigned Pleadings

Unsigned documents cannot be considered by the Court, and Plaintiff's unsigned motion in limine, motion to address Plaintiff's original trial exhibits, motion to disallow Defendants' expert witness, and the document entitled "Plaintiff Proposes the Following Settlement of Findings of Fact and Conclusions of Law are stricken from the record on that ground. Fed. R. Civ. P. 11(a); Local Rule 131(b).

## III.   Motion for Pretrial Conference

Plaintiff requests that the Court set a pretrial conference to address his exhibits A, B, C, and D. A motion in limine hearing is currently set for January 15, 2012, and Plaintiff's multiple motions shall be addressed at that hearing. Accordingly, the Court finds there is no need set an additional pretrial conference and Plaintiff's motion is denied.[2] To the extent that Plaintiff seeks to have Defendants stipulate to his trial exhibits, Plaintiff may communicate such a request to Defendants without the involvement of the Court.

## IV.   Motion to Amend Complaint

Plaintiff moves for leave to file an amended complaint to add allegations of violations of 18 U.S.C. § 242, Deprivation of Civil Rights; 18 U.S.C. §§ 371, 1503 Conspiracy to Obstruct Justice;

---

[1] Plaintiff's pleadings not addressed by this order shall be addressed at the motion in limine hearing.

[2] Plaintiff requests that the Court issue writs to have his witnesses transported for trial. Such writs shall be issued closer to the date of trial.

and 18 U.S.C. § 1623, False Declarations against the defendants. A discovery and scheduling order issued on July 20, 2010, setting the date to file an amended complaint as January 20, 2011. (ECF No. 59.) On October 25, 2011, an amended discovery and scheduling order issued and the amended pleading date remained unchanged. (ECF No. 77.) On June 24, 2011, Plaintiff's motion to amend the complaint was denied. (ECF No. 108.) At the pretrial conference on October 11, 2012, Plaintiff's second motion to amend the complaint was heard and pages 3, 4, 7, and 8 of the amended complaint were admitted into evidence, and the remainder of the amended complaint was excluded. (ECF No. 174.)

The pretrial order has issued and this action has been set for trial, so Plaintiff's motion must meet the standard under Federal Rule of Civil Procedure 16 for modification of a scheduling order. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

Discovery closed in this action on March 20, 2011, and on October 25, 2011, an order issued allowing additional limited discovery which was to be completed by March 15, 2012. (ECF Nos. 77, 124.) Pursuant to the scheduling orders issued in this action, Plaintiff's deadline to file an amended complaint was January 22, 2011. Plaintiff has filed two prior motions to amend the complaint and failed to raise the claims which he is attempting to allege in the amended complaint. Plaintiff's current motion is brought ten months after the deadline to amend the pleadings and just over two months prior to the date set for trial in this action. Plaintiff has not exhibited due diligence in attempting to amend his complaint and the motion to amend is denied.

## V.   Motion for Appointment of Expert Witness

Plaintiff brings a motion to have a court appointed neurologist to testify to the damages associated with blunt force trauma. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. <u>See</u> <u>Tedder v. Odel</u>, 890 F.2d 210 (9th Cir. 1989) (citations omitted). Plaintiff is proceeding in forma pauperis in this action and the in forma pauperis

statute does not authorize the court to waive witness fees or expenses paid to those witnesses. <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993); <u>see</u> 28 U.S.C. § 1915.  In instances such as this, where the government would likely bear the cost, the court should exercise caution.

The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part, "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed...." Fed. R. Evid. 706(a); <u>Walker v. American Home Shield Long Term Disability Plan</u>, 180 F.3d 1065, 1071 (9th Cir. 1999).  Rule 706 also confers on the court the discretion to apportion costs in the manner directed by the court, including the apportionment of costs to one side.  Fed. R. Evid. 706; <u>Ford ex rel. Ford v. Long Beach Unified School Dist.</u>, 291 F.3d 1086, 1090 (9th Cir. 2002); <u>Walker</u>, 180 F.3d at 1071.  The Rules provide for an expert where "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.

Rule 702 is not a means to avoid section 1915 and the prohibition against using public funds to pay for the expenses of witnesses. <u>Manning v. Masters</u>, No. 2:11-cv-00896-KJD-CWH, 2012 WL 1431359, at *2 (D.Nev. April 25, 2012); <u>see</u> <u>Stakey v. Stander</u>, No. 1:09-cv-00094-BLW, 2011 WL 887563, at *3 n.1 (D.Idaho Mar. 10, 2011) ("Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in pro se cases" and seeking appointment of an expert witness is not a way of sidestepping the rule).  Whether an expert witness is needed depends upon "the context of the standard of law governing the claims and defenses at issue." <u>Stakey</u>, 2011 WL 887563, at *3.

This action is proceeding on the claim that Defendants used excessive force in violation of the Eighth Amendment.  The question to be decided by the jury here is whether Defendants applied force to Plaintiff maliciously and sadistically for the purpose of causing harm or in a good faith effort to restore order.  <u>Wilkins v. Gaddy</u>, 130 S. Ct. 1175, 1178 (2010) (per curiam).  This does not involve the jury considering complex questions regarding medical diagnosis and judgment.  To the extent that Plaintiff seeks expert testimony regarding the effects of blunt force trauma, Plaintiff can testify to the symptoms that he has experienced since the incident.  Accordingly, the Court shall deny

4

1  Plaintiff's motion for the appointment of an expert witness.

2  **VI.    Conclusion and Order**

3    Based on the foregoing, IT IS HEREBY ORDERED that:

4    1. Plaintiff's unsigned motion in limine, filed November 1, 2012, is STRICKEN from

5     the record;

6    2. Plaintiff's motion to address Plaintiff's original trial exhibits, motion to disallow

7     Defendants' expert witness, and the document entitled "Plaintiff Proposes the

8     Following Settlement of Findings of Fact and Conclusions of Law, filed November

9     8, 2012, are STRICKEN from the record;

10   3. Plaintiff's motion for a pretrial conference is DENIED;

11   4. Plaintiff's motion to amend the complaint is DENIED;

12   5. Plaintiff's motion for the appointment of an expert witness is DENIED; and

13   6. The Clerk's Office is directed to terminate Defendants' motion to modify the pretrial

14    order, filed October 24, 2102.

15   IT IS SO ORDERED.

16 **Dated:    November 14, 2012**   **/s/ Barbara A. McAuliffe**
        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28