# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT, | CASE NO. 1:05-cv–01022-BAM PC |
| Plaintiff, | ORDER ADDRESSING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION |
| v. | |
| MARTIN GAMOBA, ANGEL DURAN, and MANUEL TORRES, | (ECF No. 201) |
| Defendants. | |

Plaintiff Troas V. Barnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Martin Gamboa, Angel Duran and Manuel Torres for the use of excessive force in violation of the Eighth Amendment and is currently set for trial on January 22, 2012. Plaintiff filed a motion for the appointment of an expert witness on October 18, 2012, and Defendants filed an opposition on November 1, 2012. (ECF Nos. 178, 187.) On November 14, 2012, an order issued addressing several of Plaintiff's motions and denying his motion for an expert witness. (ECF No. 199.) On November 19, 2012, Plaintiff filed a reply to the opposition to the motion to appoint an expert witness.[1] (ECF No. 201.)

Plaintiff alleges that he was struck in the skull during the incident and experienced a period of unconsciousness. (Memorandum of Points and Authorities 2, ECF No. 201.) Plaintiff states that

---

[1] The proof of service is dated November 8, 2012, making the reply timely under the Prison Mailbox Rule.

1

he underwent hospitalization and surgery and wants to show that he was not seen as recorded in the prison medical records and that his injuries were not de minimus. (Id. at 3.) Plaintiff objects to Defendants opposition to the extent that it states he seeks the expert to increase any award of damages. (Id. at 3.) Plaintiff states that in prison litigation cases experts commonly testify concerning prison medical and mental health care, the psychological effects of mistreatment, conditions of confinement, and the use of force. (Id. at 4.) Plaintiff cites Crabtree v. Collins, 900 F.2d 79 (6th Cir. 1990), to support his motion for the appointment of an expert neurologist.

Plaintiff's reliance on Crabtree in support of his motion is misplaced. In Crabtree, the inmate was claiming deliberate indifference to medical care due to the prison's failure to provide surgery to insert a protective plate in his skull following surgery to remove a bullet from his brain. Crabtree, 900 F.2d at 80-81. The inmate was appointed counsel and after the case was dismissed without a decision on the merits, the district court awarded the inmate attorney's fees. The issue before the court was whether the inmate was a prevailing party due to the appointment of the medical expert. (Id. at 82.) Crabtree only addresses the issue of whether appointment of the expert witness makes the inmate a prevailing party within the meaning of 42 U.S.C. § 1988.

While the district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, whether an expert witness is needed depends upon "the context of the standard of law governing the claims and defenses at issue." Stakey v. Stander, No. 1:09-cv-00094-BLW, 2011 WL 887563, at *3 n.1 (D.Idaho Mar. 10, 2011). "The principle purpose of a court-appointed expert is to assist the trier of fact from a position of neutrality, not to serve as an advocate." Stakey, 2011 WL 887563, at *3.

This action is proceeding against Defendants for the use of excessive force in violation of the Eighth Amendment. The question to be decided by the jury here is whether Defendants applied force to Plaintiff maliciously and sadistically for the purpose of causing harm or in a good faith effort to restore order. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (per curiam). Resolution of this issue does not involve the jury considering complex questions regarding medical diagnosis and judgment.

Further, while Plaintiff argues that the expert is needed to testify that his injuries were more than de minimus, Plaintiff will be able to testify to the injuries, the treatment he received following

1 | the incident, and the effects of the injuries.  To the extent that Plaintiff seeks the testimony of an
2 | expert to testify to a lack of medical care following the incident, this action is only proceeding on
3 | the excessive force claim and Plaintiff's medical care is not at issue here.
4 |     IT IS SO ORDERED.
5 | Dated:   **November 20, 2012**           /s/ **Barbara A. McAuliffe**
                                                                   UNITED STATES MAGISTRATE JUDGE