# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN GAMBOA, ANGEL DURAN,<br>and MANUEL TORRES,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | CASE NO. 1:05-cv–01022-BAM PC<br><br>THIRD AMENDED PRETRIAL ORDER |

Plaintiff Troas V. Barnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Martin Gamboa, Angel Duran and Manuel Torres for the use of excessive force in violation of the Eighth Amendment and is currently set for trial on January 22, 2012. In reviewing this action to prepare for trial, the Court finds that the parties neglected to address the separate claim raised in the third amended complaint that Defendant Torres failed to intervene while Plaintiff was being exposed to excessive force by Defendants Gamboa and Duran.

This amended order shall issue to clarify that this action is proceeding on the third amended complaint, filed October 30, 2008, against Defendants Gamboa, Duran, and Torres for use of excessive force in violation of the Eighth Amendment, and Defendant Torres for failure to intervene in violation of the Eighth Amendment. Accordingly, the amended pretrial order issued October 29, 2012, shall be amended at 9:7 as follows:

///

1

VI. **Points of Law**

D. **Eighth Amendment Failure to Intervene**

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)). A prison official may be held liable for failure to intervene to protect the inmate from harm. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To prevail on his claim, the plaintiff must show that the defendants acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982 (1994)). An officer can only be held liable for failing to intervene if he had a realistic opportunity to intercede and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

IT IS SO ORDERED.

Dated:   **December 11, 2012**          /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE