# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT, | CASE NO. 1:05-cv–01022-BAM PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRODUCTION OF WITNESSES AT TRIAL |
| v. | |
| MARTIN GAMBOA, ANGEL DURAN, and MANUEL TORRES, | (ECF Nos. 205, 210) |
| Defendants. | |

Plaintiff Troas V. Barnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Martin Gamboa, Angel Duran and Manuel Torres for the use of excessive force, and Defendant Torres for failure to intervene in violation of the Eighth Amendment and is currently set for trial on January 22, 2012.  Plaintiff filed motions for the attendance of incarcerated witness Phillip Conti, CDCR No. C-86098, Darrell King, CDCR No. J-96720, Tony Bejarano, CDCR No. P-93055, and Sven Johnson, H-37481, at the trial of this matter. (ECF Nos. 148, 150, 151, 152.)  During a pretrial conference on October 11, 2012, Plaintiff withdrew the motion for the attendance of Inmate Bejarano, and the magistrate judge granted Plaintiff's motions for the attendance of Inmates Conti, King, and Johnson.  Defense counsel was ordered to determine if the witness could be transferred to an institution where they would be available to testify by video conference.  (ECF No. 174.)

This action was subsequently reassigned to the undersigned on October 12, 2012. (ECF No. 176.)  On November 21, 2012, Plaintiff filed a motion for an order requiring the production of his

inmate witnesses at trial. (ECF No. 205.) Defendants filed a statement of non-opposition on December 11, 2012. (ECF No. 210.)

In deciding this motion, the Court has reviewed the motions for the attendance of the incarcerated witnesses and finds that the testimony of these three witnesses is cumulative, as discussed below. Therefore, the motion for the attendance of Inmate Johnson shall be denied. Plaintiff's motion for the attendance of Inmates Conti and King shall be granted.

Plaintiff has submitted his signed declarations in support of the motions for the attendance of these witnesses. Plaintiff states that he was housed in cell 206 and Inmate Conti was housed in cell 201 during the incidents at issue in this action. (ECF No. 148 at ¶¶ 2, 4.) Inmate Conti will testify that he observed Defendants Gamboa and Duran enter the housing unit and order Plaintiff to go downstairs. (Id. at ¶ 5.) Inmate Conti observed Defendants Gamboa and Duran enter Plaintiff's cell and administer a beating of Plaintiff, and Defendant Gamboa pursuing Plaintiff with his baton and pepper spraying Plaintiff. (Id. at ¶¶ 7, 8.) Inmate Conti will testify that Plaintiff assumed a proned out position in front of his cell and to the extent of Plaintiff's head injury. (Id. at ¶¶ 10, 11.) Inmate Conti also observed the block gun being fired at Plaintiff and that Plaintiff was lying in a pool of blood at the bottom of the stairwell. (Id. at ¶¶ 12, 14.) Plaintiff indicates that Inmate Conti is not willing to testify voluntarily. (Id. at ¶ 16.) In their opposition to Plaintiff's motion, Defendants contend that Inmate Conti has stated he does not know Plaintiff and is not willing to participate in this action in any manner. (Dec. Janine Jeffrey ¶ 6, ECF No. 153-1.)

Plaintiff states that Inmate King was housed in cell 208 on the upper tier directly next to the shower. (ECF No. 150 at ¶ 4.) Inmate King will testify to the amount of time that Defendants Gamboa and Duran remained in Plaintiff's cell. After exiting Plaintiff's cell, Defendants Gamboa and Duran were directly in front of Inmate King's cell. (Id. at ¶ 6.) Inmate King observed Defendant Gamboa brandishing his flashlight and Defendant Duran brandishing a baton following the alleged assault on Plaintiff and checking their clothing for blood. (Id. at ¶¶ 7, 8.) Inmate King will testify to the continued use of force and the extent of Plaintiff's head injury. (Id. at ¶¶ 9, 10, 13.) Inmate King will also testify to the delay by Defendant Torres in activating the alarm. (Id. at ¶ 14.) Plaintiff states that Inmate King is not willing to testify voluntarily. (Id. at ¶ 19.) In their opposition to the

2

1  motion, Defendants contend that Inmate King has stated he does not have any relevant information
2  on the incidents at issue here. (Dec. Janine Jeffery ¶ 5, ECF No. 155-1.)

3       Plaintiff states that Inmate Johnson was his cellmate at the time of the incidents alleged in
4  his complaint and was locked in the upper tier shower during the search of Plaintiff's cell. (ECF No.
5  152 at ¶ 4.) Inmate Johnson observed Plaintiff being ordered to return to his cell and being pulled
6  into the cell by Defendants Duran and Gamboa, and the amount of time Defendants remained in the
7  cell. Inmate Johnson observed Defendants Duran and Gamboa exit the cell and position themselves
8  in front of cell 208. (Id. at ¶ 7.) Inmate Johnson observed the extent of Plaintiff's injuries. (Id. at
9  ¶ 8.) Inmate Johnson observed the struggle after Plaintiff exited the cell and Defendant Torres delay
10 in activating the housing unit alarm. ((Id. at ¶¶ 9, 10.) Inmate Johnson is not willing to testify
11 voluntarily. (Id. at ¶ 13.)

12      The Court finds that the testimony of these three witnesses is cumulative. Based on the facts
13 set forth in Plaintiff's declarations, Inmate Johnson is the only inmate who was not in a position to
14 observe the inside of his cell during the incident. Inmate Johnson will testify to the same
15 information provided by Inmates Conti and King. Accordingly, the Court shall deny the motion to
16 produce Inmate Johnson at trial as cumulative. See Zivkovic v. Southern California Edison Co., 302
17 F.3d 1080, 1088 (9th Cir. 2002) (trial courts have wide discretion to limit the presentation of
18 cumulative evidence); Cummings v. Adams, No. CV F 03 5294 DLB, 2006 WL 449095, *3
19 (E.D.Cal. Feb. 12, 2006) (proposed inmate witnesses limited to three of six due to cumulativeness).
20 Plaintiff's motion for the production of Inmates Conti and King shall be granted. Due to defense
21 counsel's contention that these inmates are not willing to testify and may not have any information
22 relevant to this action, a copy of this order shall be served upon the witness with the order and writ
23 of habeas corpus ad testificandum. Should the inmates not have any information relevant to this
24 action, they may so notify the Court by submitting a declaration signed under penalty of perjury.

25      Defendants request that the inmates be ordered to be produced on the day in which they will
26 testify in order to reduce the cost of transporting the inmates and the inherent security risks of such
27 transfers. The Court shall order Inmates King and Conti produced on the first day of trial, unless
28 Plaintiff advises differently. The parties are advised that based upon the Court's experience, jury


selection is anticipated to be completed in the morning and the presentation of Plaintiff's witnesses will begin before noon. The Court values the time of the jurors and therefore strives to avoid delays in the presentation of evidence whenever possible. Trial efficiency is critical and the parties will be expected to abide by the schedule set by the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the production of Inmate Sven Johnson, CDCR No. H-37481, is DENIED as cumulative;

2. Plaintiff's motion for the production of Inmates Darrell King, CDCR No. J-96720, and Phillip Conti, CDCR No. C-86098, is GRANTED.

3. The Clerks' Office is directed to serve a copy of this order on Inmates King and Conti with the order and writ of habeas corpus ad testificandum requiring their production at trial.

IT IS SO ORDERED.

Dated:   **December 12, 2012**                              /s/ **Barbara A. McAuliffe**
                                                                         UNITED STATES MAGISTRATE JUDGE