# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>        Plaintiff,<br><br>   v.<br><br>MARTIN GAMBOA, ANGEL DURAN, and MANUEL TORRES,<br><br>        Defendants. | CASE NO. 1:05-cv–01022-BAM PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR COURTROOM DEPUTY TO PROVIDE PROCEDURES UTILIZED IN IMPANELMENT OF JURY, REQUEST FOR JUROR QUALIFICATION FORMS, AND REQUEST FOR COURT'S ASSISTANCE IN OBTAINING STANDARD JURY INSTRUCTIONS<br><br>(ECF Nos. 218, 219, 220) |

Plaintiff Troas V. Barnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Martin Gamboa, Angel Duran and Manuel Torres for the use of excessive force, and Defendant Torres for failure to intervene in violation of the Eighth Amendment and is currently set for trial on January 22, 2012. On December 17, 2012, Plaintiff filed a request for courtroom deputy to provide the procedures utilized by the court in the impanelment of the jury and a request for the court to provide Plaintiff with juror qualification forms. (ECF Nos. 219, 220.) On December 19, 2012, Plaintiff filed a request for the court to provide assistance in obtaining standard jury instructions. (ECF No. 218.)

"District judges have no obligation to act as counsel or paralegal to pro se litigants. Pliler v. Ford, 542 U.S. 225, 231 (2004). A litigant "does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure," nor does the Constitution "require judges to take over chores for a pro se [litigant] that would normally be attended to by trained

1  counsel as a matter of course." <u>Pliler</u>, 542 U.S. at 231 (internal citations omitted).  On the day of
2  trial, the Court will explain the procedures to be used to impanel the jury and Plaintiff's motion to
3  be provided with the procedures prior to trial is denied.

4      To the extent that the jury commissioner receives juror qualification forms, such forms are
5  not provided to litigants.  Plaintiff will have a limited opportunity to question the jury during voir
6  dire to determine their qualification to serve as jurors in this action.  Plaintiff's motion to be provided
7  with juror qualification forms is denied.

8      Finally, the Court shall prepare a statement of the case, verdict form, and standard jury
9  instructions which will be provided to Plaintiff on the morning of trial for his review.  There is no
10 need for Plaintiff to provide the Court with proposed jury instructions or a proposed verdict form.
11 Plaintiff's motion for assistance in obtaining standard jury instructions is denied.

12     Accordingly, IT IS HEREBY ORDERED that:

13     1.    Plaintiff's request for the courtroom deputy to provide procedures used for
14         impanelment of the jury, filed December 17, 2012, is DENIED;

15     2.    Plaintiff's request for the clerk to provide juror qualification forms, filed December
16         17, 2012, is DENIED; and

17     3.    Plaintiff's request for court assistance in obtaining standard jury instructions, filed
18         December 19, 2012, is DENIED.

19     IT IS SO ORDERED.

20 Dated:   **December 26, 2012**          /s/ **Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE

21
22
23
24
25
26
27
28