UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT, | CASE NO. 1:05-cv–01022-BAM PC |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S OBJECTION TO THE COURT'S ORDER DENYING THE PRODUCTION OF INCARCERATED INMATE WITNESS SVEN JOHNSON |
| v. | |
| MARTIN GAMBOA, ANGEL DURAN, and MANUEL TORRES, | ORDER OVERRULING COURT'S PRIOR ORDER AND GRANTING PLAINTIFF'S MOTION FOR PRODUCTION OF INCARCERATED INMATE WITNESS SVEN JOHNSON AT TRIAL |
| Defendants. | |
| | (ECF Nos. 212, 239.) |

Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Martin Gamboa, Angel Duran and Manuel Torres for the use of excessive force, and against Defendant Torres for failure to intervene in violation of the Eighth Amendment. The matter is set for trial on January 22, 2012, at 8:30 a.m. before the undersigned.

I.  **Background**

On July 27, 2012, Plaintiff filed a motion for the attendance of incarcerated witness Sven Johnson. (ECF No. 152.) Inmate Johnson currently is housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran and was Plaintiff's cell mate at the time of the underlying incident.

1

In support of the motion for production, Plaintiff declared that Inmate Johnson was an "eye witness/ear witness" to the following:

(1) Defendant Torres instructing Plaintiff to enter the upper tier shower with Inmate Johnson and Plaintiff refusing the order;
(2) Defendant Gamboa securing Inmate Johnson in the shower and asking him which bunk he was assigned to in cell 206;
(3) Defendants ordering Plaintiff to return to cell 206;
(4) Defendants Gamboa and Duran pulling Plaintiff inside cell 206;
(5) the duration of time that Defendants Gamboa and Duran remained inside cell 206 and then positioning themselves in front of the cell after exiting;
(6) the severity of injury inflicted on Plaintiff;
(7) the actions of Defendants Gamboa and Duran as Plaintiff exited cell 206 and whether an extensive paton struggle occurred; and
(8) Defendant Torres' "postponement of activation" of the emergency housing unit alarm.

On August 8, 2012, Defendants objected to transportation of Inmate Johnson, but submitted that he should be permitted to appear at trial by video conference or telephone. (ECF. No 156.)

On October 11, 2012, the Court granted Plaintiff's request for testimony from Inmates Johnson, Conti and King. The Court also directed defense counsel to determine whether the witnesses could be transported to another facility for video appearance at trial. If defense counsel was unable to arrange for such transportation, then the witnesses would be transported to give live testimony. (ECF No. 174.)

On November 21, 2012, Plaintiff filed a subsequent motion for transportation of inmate witnesses, including Inmate Johnson. (ECF No. 205.)  On December 11, 2012, Defendants filed a statement of non-opposition to the transportation of Inmate Johnson. Defendants reported that none of the institutions at which the inmates were housed had video-conference capabilities.[1] (ECF No. 210.)

On December 13, 2012, the Court denied transportation of Inmate Johnson, finding his testimony cumulative of Inmates Conti and King. (ECF No. 212.) The Court also determined that Inmate Johnson was not in a position to observe the inside of the cell during the incident.

---

[1] In August 2012, defense counsel reported that the relevant video-conference equipment failed in July 2012, but was in the process of being repaired. Defense counsel posited that Inmate Johnson possibly could appear by video conference at the time of trial in January 2013. (ECF No. 156-1.)

1  On January 7, 2013, Plaintiff filed objections to the Court's order denying transportation of Inmate Johnson. (ECF No. 239.) The parties addressed Plaintiff's objections at the motion in limine hearing on January 15, 2013.

**II.  Discussion**

Plaintiff submitted his objections pursuant to Fed. R. Civ. P. 72. Rule 72 objections are inapplicable in a consent case. The Court therefore construes Plaintiff's objections as a request for reconsideration. Fed. R. Civ. P. 60(b); Local Rule 230(j).

By his request, Plaintiff challenges the Court's factual determinations. Plaintiff initially objects to the Court's finding that Inmate Johnson was not in a position to observe the inside of the cell during the incident. Plaintiff argues that, due to the architectural design, Inmate Johnson could have seen Defendants' actions in the reflection of the control tower glass. Inmate Johnson also could "hear better" the sounds inside the cell, including "whether Defendants ever gave any orders for Plaintiff to prone out." Plaintiff also contends that Inmate Johnson could testify whether Defendants Gamboa and Duran, after severely injuring Plaintiff, used pepper spray and a paton to inflict further injury on Plaintiff and whether Defendant Torres fired a block gun after Plaintiff was offering no resistance.

Plaintiff further believes that Inmate Johnson's testimony is important because the "incident arose due to" Defendant Torres' ordering Plaintiff to enter an occupied shower stall (single) already in use by Inmate Johnson.

As discussed at the hearing, the events at issue began when Defendant Torres reportedly ordered Plaintiff to shower with his cell mate, Inmate Johnson. Testimony from Inmate Johnson regarding what transpired at the shower is relevant to Plaintiff's claims and the underlying events in this action. There is no indication that Inmates Conti and King were present at the shower or that they would provide duplicative or cumulative testimony. Therefore, the Court overrules its prior order issued on December 13, 2012, which denied production of incarcerated witness Sven Johnson.

**III.  Conclusion**

For the reasons discussed above, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for the production of Inmate Sven Johnson, CDCR NO. H-37481, is GRANTED; and
2. The Clerk's Office is DIRECTED to serve a copy of this order on Inmate Johnson along with a writ of habeas corpus ad testificandum requiring his production at trial.

IT IS SO ORDERED.

Dated:   **January 15, 2013**                        **/s/ Barbara A. McAuliffe**
                                                                                   UNITED STATES MAGISTRATE JUDGE