# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>            Plaintiff,<br><br>      v.<br><br>MARTIN GAMBOA, ANGEL DURAN, and MANUEL TORRES,<br><br>            Defendants.<br>_____/ | CASE NO. 1:05-cv–01022-BAM PC<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS IN LIMINE<br><br>(ECF Nos. 167, 180, 181, 182, 196, 199, 246, 247 and 250) |

Plaintiff Troas V. Barnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint against Defendants Martin Gamboa, Angel Duran, and Manuel Torres for excessive force in violation of the Eighth Amendment, and against Defendant Torres for failure to intervene in violation of the Eighth Amendment. The parties have consented to Magistrate Judge jurisdiction. A jury trial is set for January 22, 2013.

Plaintiff's motions in limine were heard on January 15, 2013, before the Honorable Barbara A McAuliffe, United States Magistrate Judge. Plaintiff appeared telephonically on his own behalf. Janine Jeffrey appeared telephonically on behalf of Defendants Gamboa, Duran and Torres.

**A.    Motions in Limine**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded

1  management of the trial proceedings." <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F.3d
2  436, 440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes
3  before trial and avoids potentially prejudicial evidence being presented in front of the jury.  <u>Brodit</u>
4  <u>v. Cambra</u>, 350 F.3d 985, 1004-05 (9th Cir. 2003).

5  Motions in limine that exclude broad categories of evidence are disfavored, and such issues
6  are better dealt with during trial as the admissibility of evidence arises.  <u>Sperberg v. Goodyear Tire</u>
7  <u>& Rubber, Co.</u>, 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not
8  accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to
9  defer ruling until trial when the judge can better estimate the impact of the evidence on the jury.
10 <u>Jonasson</u>, 115 F.3d at 440.

11 **B.    Plaintiff's Motions in Limine**

12        **1.    Motion in Limine to Produce MRI of Plaintiff's Skull (ECF No. 167)**

13 Plaintiff moves to have Defendants produce a December 15, 2005 MRI of his head taken by
14 Mario Deguchi.  During the pretrial hearing on October 11, 2012, the Court ruled that this motion
15 in limine would be addressed during the second phase of trial, if any, regarding damages.  At this
16 time, the Court DEFERS ruling on Plaintiff's motion in limine to produce the MRI until the second
17 phase of trial, if any, regarding damages.

18        **2.    Motion in Limine to Exclude Defendants' Exhibits (ECF No. 180)**

19 Plaintiff moves to exclude certain of Defendants' exhibits on the grounds that they are not
20 relevant in this action and that they are not admissible character evidence.  These exhibits include
21 Program Status Reports, Abstracts of Judgment and Rules Violation Reports.

22 **Defendants' Exhibit 2** - Program Status Report ("PSR") effective November 3, 2003, and
23 Program Status Report updates effective November 6 and November 10, 2003

24 The November 3, 2003 PSR indicates as follows:  On March 27, 2003, two members of the
25 Fresno Bulldogs gang murdered a Southern Hispanic inmate by bludgeoning him with a weapon.
26 On September 10, 2003, members of the Southern Hispanics, in an attempt to incite a riot,
27 committed a battery on a correctional officer.  On October 6, 2003, all inmates except Southern
28 Hispanics and Bulldogs were returned to normal programing.  On October 7, 2003, a Mexican

1  National inmate committed a battery on a Northern Hispanic inmate. As a result Mexican National
2  inmates were placed on lockdown. On November 3, 2003, the Plan of Operations was updated to
3  allow White and Mexican National Inmates not housed in C-4 to return to normal program. The
4  PSR identifies a modified program affecting Black inmates in C-7, White inmates in C-4 and
5  Hispanic inmates (Bulldogs, Mexican Nationals in C-4 and Southern Hispanics). As part of the
6  modified program, showers were to be done as "cell mates together own tier," which was described
7  as lockdown showers for Blacks in C-7, Whites and Mexican Nationals in C-4, all Bulldogs and
8  Southern Hispanics.

9  The November 6, 2003 PSR indicates as follows: On November 4, 2003, a Black inmate
10 committed a battery on a correctional officer.

11 The November 10, 2003 PSR indicates as follows: On November 9, 2003, three Northern
12 Hispanic inmates committed battery on a Mexican National inmate. Northern Hispanic inmates were
13 being placed on lockdown pending a threat assessment. The Plan of Operations was updated to
14 allow White and Mexican National inmates housed in C-4 to return to normal program and to place
15 Northern Hispanic Inmates on lockdown.

16 Plaintiff alleges that these PSR documents are not relevant because he is African American
17 and these incidents involved Hispanic inmates. Plaintiff also argues the reports are not the product
18 of first hand knowledge and that evidence of other crimes is not admissible character evidence.
19 Defendants agree to withdraw all but the November 3, 2003 PSR. Defendants contend this PSR is
20 relevant because it explains the reason Plaintiff was ordered to shower with his cell mate on
21 November 4, 2003.

22 "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it
23 would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.
24 R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence
25 may be excluded "if its probative value is substantially outweighed by the danger of one or more of
26 the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,
27 or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

28 Plaintiff's motion in limine as to the November 3, 2003 PSR is DENIED. Defendants,

however, will need to establish the foundation that the program applied to all inmates. If that is established, the PSR is relevant as to why Plaintiff was ordered to shower with his cell mate on November 4, 2003. Plaintiff's reported refusal to shower preceded a verbal exchange with Defendant Torres and the incident with Defendants Gamboa and Duran.

As Defendants' have agreed to withdraw the remaining PSRs dated November 6, 2003 and November 10, 2003, Plaintiff's motion in limine as to these PSRs is DENIED AS MOOT.

**Defendants' Exhibit 3** - Abstracts of Judgment for Plaintiff Barnett: (1) Attempted Burglary conviction dated 5/9/95 for 25 years to life; (2) Prisoner Possession of Weapon conviction dated 4/22/09 for four years: (3) Assault with a Deadly Weapon and Robbery conviction dated 9/1/89 for four years (concurrent).

Plaintiff argues that evidence of other crimes in not admissible character evidence (Fed. R. Evid. 403), that inquiry into prior bad acts is not permissible (Fed. R. Evid. 608) and that Defendants cannot introduce evidence of any convictions more than 10 years old (Fed. R. Evid. 609). Accordingly, Plaintiff seeks to bar introduction of these abstracts of judgment.

Defendants counter that the abstracts of judgment regarding Plaintiff's convictions should be deemed admissible for purposes of credibility. Defendants contend that evidence demonstrating a witness has been convicted of a felony is admissible to attack the character or propensity for truthfulness of the witness. Fed. R. Evid. 609(a)(1). Defendants further contend that evidence a witness has been convicted of any crime which involves an act of dishonesty or a false statement is admissible regardless of Rule 403. Fed. R. Evid. 609(a)(2). Defendants explain that they do not seek admission of the details of Plaintiff's crimes. Rather, they seek to introduce the name of the conviction, its date and the sentence imposed. Defendants claim it is important to attack Plaintiff's credibility at trial through his felony convictions because this case revolves "almost entirely on plaintiff's testimony that he was the victim of a brutal attack."

In attacking a witness's character for truthfulness by evidence of a criminal conviction, evidence of a crime that was punishable by imprisonment for more than one year "must be admitted, subject to Rule 403, in a civil case . . . in which the witness is not a defendant." Fed. R. Evid. 609(a)(1). However, if more than 10 years have passed since the witness' conviction or release from

confinement for it, whichever is later, then evidence of such conviction is admissible only if (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of its intent to use it so that the party has a fair opportunity to contest its use.  Fed. R. Evid. 609(b).

Here, Defendants intend to introduce evidence of two convictions more than 10 years old: (1) an attempted burglary conviction dated 5/9/95 and (2) an assault with a deadly weapon and a robbery conviction dated 9/1/89.  Defendants argue that these convictions are admissible because Plaintiff is "still in custody" and the ten-year clock under Rule 609(b) "starts at the witness's release from any physical confinement, or in the absence of confinement, the date of the conviction." United States v. Rogers, 542 F.3d 197, 201 (7th Cir. 2008); see also Ellis v. Navarro, 2012 WL 3580284, *2 (N.D. Cal. Aug. 17, 2012); Guillory v. Tilton, 2012 WL 235891, *2 (E.D. Cal. Jun. 20, 2012).

With regard to the 1989 conviction, Defendants' argument is unpersuasive absent information that Plaintiff has been in custody since that conviction.  At the hearing, Defendants indicated that Plaintiff served his time on this conviction and was released.  According to Rule 609(b), the ten-year clock starts at the witness' release from confinement for the specific conviction at issue.  Fed. R. Evid. 609(b).  Nothing in the rule or in Defendants' citations suggests that prior convictions are admissible if the witness is currently in confinement on a separate conviction.  Cf. Ellis, 2012 WL 3580284 at *2 (ten-year time limit inapplicable where witness had been incarcerated since the conviction at issue); Guillory, 2012 WL 235891 at *2 (ten-year rule inapplicable where plaintiff's felony convictions were more than 10 years old, but plaintiff was still serving his sentence).  As Plaintiff was released from confinement for the 1989 conviction more than 10 years ago, the Court must apply the more stringent test of Rule 609(b).  Defendants have not presented any information to allow the Court to conclude that the probative value of the 1989 conviction substantially outweighs its prejudicial effect.  Plaintiff's motion in limine to prohibit introduction of the abstract of judgment for the 1989 conviction is GRANTED.

As to the 1995 conviction, Plaintiff was sentenced to 25 years to life with the possibility of parole.  He is still serving this sentence and the ten-year rule does not apply.  The Court therefore assesses the admissibility of this conviction, along with the 2009 conviction, under Rule 403.  Fed.

5

R. Evid. 609(a)(1). Rule 403 prohibits introduction of such evidence "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As Defendants do not intend to present evidence regarding the details of his crimes, the fact of the prior felony convictions in 1995 and in 2009 is admissible to impeach Plaintiff's credibility. As such, Plaintiff's motion in limine to bar his 1995 and 2009 convictions is DENIED. As instructed at the hearing, Defendants are limited to the introduction of the conviction names and dates without details of the crimes.

**Defendants' Exhibit 4** - Abstract of Judgment for Inmate Phillip Conti: (1) Burglary conviction dated 3/23/95 for life with possibility of parole.

As to this exhibit, Plaintiff raises the same issues as with his own Abstracts of Judgment. Defendants counter that because Inmate King is still in custody and his credibility is at issue, the abstract should be admissible. The Court agrees. Fed. R. Evid. 609(a)(1). Plaintiff's motion in limine as to Exhibit 4 is DENIED.

**Defendants' Exhibit 5** - Abstract of Judgment for Inmate Sven Johnson: (1) Felon in Possession of a Firearm conviction dated 1/29/98 for 25 years to life; (2) Possession of a Weapon conviction dated 6/5/03 for six years; (3) Second Degree Robbery convictions dated 4/28/92 and 11/6/91.

Defendants note that the abstracts for Sven Johnson are not at issue because he will not be testifying in this action pursuant to this Court's order. (ECF No. 212.) At the hearing, the Court DENIED Plaintiff's motion as moot.

However, by separate order, the Court granted Plaintiff's motion for production of Inmate Sven Johnson at trial. Accordingly, Plaintiff's motion in limine as to Exhibit 5 may be revisited at the time of trial.

**Defendants' Exhibit 6** - Abstract of Judgment for Inmate Darrell King: (1) Kidnap for Robbery conviction dated 12/1/95; (2) Forcible Rape, Forcible Oral Copulation, Assault with Firearm, Burglary and Carjacking conviction dated 12/1/95 (and amended abstract adding additional counts).

As to these exhibits, Plaintiff raises the same issues as with his own Abstracts of Judgment. Defendants counter that because Inmate King is still in custody and his credibility is at issue, the abstracts should be admissible. Pursuant to Fed. R. Evid. 609(a)(1), Plaintiff's motion in limine to exclude Defendants' Exhibit 6 is DENIED, subject to grouping, rather than listing, the convictions.

**Defendants' Exhibits 8, 9, 10, 11, 12, and 14** - Rules Violation Reports

> **Exhibit 8 - Rules Violation Report 2/25/01 -** Plaintiff found guilty of mutual combat where he and another inmate got in a physical confrontation.
> **Exhibit 9 - Rules Violation Report 4/12/00 -** Plaintiff found guilty for attempted battery on staff physician based on an incident where he lost his temper against staff, ran toward the staff member, and threatened him.
> **Exhibit 10 - Rules Violation Report 11/29/99 -** Plaintiff found guilty of slashing an inmate with a weapon.
> **Exhibit 11 - Rules Violation Report 4/05/97 -** Plaintiff found guilty of mutual combat.
> **Exhibit 12 - Rules Violation Report dated 10/8/96 -** Plaintiff found guilty of battery on an inmate.
> **Exhibit 14 - Rules Violation Report History -** List of 16 rules violations of which plaintiff was found guilty in the years leading up to the incident in question.

Plaintiff objects to introduction of the Rules Violation Reports, arguing that Defendants may not inquire into prior bad acts to demonstrate a propensity for criminal conduct and any past assaultive behavior should not be admitted in a case of self-defense.

Evidence of a plaintiff's past conduct "may be relevant and admissible in an excessive force case *provided that the officer was aware of such information at the time of incident.*" Ellis, 2012 WL 3580284 at *3 (quoting Cotton v. City of Eureka, 2010 WL 5154945, *6 (N.D. Cal. Dec. 14, 2010). If the officer lacked such knowledge, then evidence of prior conduct is irrelevant and unduly prejudicial. Id. Defendants' opposition to the motion in limine does not address the officers' knowledge of Plaintiff's past conduct.

Defendants instead rely on Rule 404(b) to argue that Plaintiff's history is admissible to refute Plaintiff's assertions regarding his own conduct. According to the pretrial statements, Plaintiff has asserted that Defendants' attack was unprovoked, that he did not resist restraint and that he did not assault Defendants. Rule 404(b) states:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(1). However, this evidence may be admissible for another purpose, such as

7

"proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.'" United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir.2008) (quoting in part United States v. Romero, 282 F.3d 683, 688 (9th Cir.2002)). If evidence satisfies Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." Id. The proponent of the disputed evidence bears the burden of demonstrating its admissibility under the foregoing test. See United States v. Montgomery, 150 F.3d 983, 1001 (9th Cir.1998). Defendants do not apply this test, but assert that the Rules Violation Reports will be offered to show that Plaintiff has a long history of fighting other prisoners, refusing to follow orders of prison officers and violently resisting prison officers, and to show that Plaintiff intended the acts and was not simply making a "mistake."[1] Defendant seek to use the reports as classic improper character evidence.

As a practical matter, under Rule 403, the probative value of the Rules Violation Reports is substantially outweighed by the danger of unfair prejudice to Plaintiff. Much of the evidence relates to Plaintiff's purported combativeness with other inmates and is of limited probative value regarding his actions with correctional officers. Although Exhibit 14 identifies instances when Plaintiff disobeyed orders, the exhibit lacks any detail to be of probative value. Further, the information may confuse the jury, distract from the primary issues in this case and waste time. Plaintiff's motion in limine regarding Exhibits 8, 9, 10, 11, 12, and 14 is GRANTED and the reports are precluded unless Plaintiff otherwise opens the door to these issues.

**Defendants' Exhibit 13** - Crime/Incident Report dated 4/20/99 regarding an assault/battery on Plaintiff by another inmate.[2]

---

[1] Defendants also argue that these exhibits may be relevant to causation of certain claimed injuries and may be used for impeachment.

[2] Plaintiff incorrectly identifies this exhibit as a Rules Violation Report.

Defendants argue that this exhibit reflects injuries sustained by Plaintiff during a battery by another inmate. Defendants contend the exhibit is relevant to the issue of causation of Plaintiff's claimed injuries. The Court DEFERS ruling on Defendants' Exhibit 13 until the second phase of trial, if any.

**Defendants' Exhibit 16** - Photographs of Plaintiff's Cell and Housing Unit

Plaintiff objects to photographs of the tier railing and left staircase in Building 7, arguing that the views are distorted and purport to be from the vantage point of cell on the upper tier. Plaintiff also objects to the photograph of the Building 7 control tower because it is dark and distorted.

Plaintiff's objections go to the weight of the evidence, not admissibility. Accordingly, Plaintiff's motion in limine regarding Defendants' Exhibit 16 is DENIED.

**3.    Motion in Limine to Allow Introduction of CSATF Emergency Room Video dated November 4, 2003, and CCI Video dated November 5, 2003 (ECF No. 181)**

Plaintiff seeks to introduce the emergency room video dated November 4, 2003. Defense counsel stipulates to the admissibility of the November 4, 2003 video and intends to show it to the jury with a synced transcript. Plaintiff's motion in limine regarding admissibility of the emergency room video is GRANTED. As discussed at the hearing, the Court and the parties will review the video prior to the start of trial on January 22, 2013.

Plaintiff also seeks to introduce a video taken at CCI on November 5, 2003, which shows Plaintiff being housed at a new institution after the incident. Defendants believe that the entirety of this video should not be admitted into evidence for two reasons. First, the video is more than 19 minutes long and contains duplicative footage. Second, the video contains footage of Plaintiff without clothing and shows a body cavity search being conducted, which are not relevant to this action and are more prejudicial than probative. Defendants intend to submit portions of the November 5, 2003 video that are believed to be relevant and admissible, along with a transcript.

It appears that portions of the video are not relevant. Plaintiff's motion in limine regarding admissibility of the CCI Video is GRANTED, except that portions of the video depicting nudity or a body cavity search are EXCLUDED from presentation to the jury. As discussed, the Court and the parties will review the portions of the video to be admitted prior to the start of trial on January 22,

2013.

### 4.    Motion to Allow Introduction of Minute Order from Superior Court (ECF No. 182)

Plaintiff seeks to introduce a minute order from Kings County Superior Court dated April 5, 2005.[3] The minute order shows that a criminal action against Plaintiff was dismissed by the District Attorney due to "insufficient evidence." Exhibit A to Defendant's Opposition (ECF No. 235.)

Plaintiff explains the minute shows that assault charges, which were brought by Defendants against him, were dismissed. Plaintiff argues that the minute order is relevant and material, presumably to show that he did not assault Defendants despite the prison incident log reflecting that he was guilty of assault.

Defendants counter that the minute order is not relevant because the criminal prosecution involved a different cause of action, different parties and a different burden of proof. Defendants also argue that this evidence creates a danger that the jury may be misled and confused because the issue is whether Defendants used excessive force on Plaintiff, not whether Plaintiff committed a criminal assault on Defendants.

Rule 403 provides that evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice or misleading the jury. Fed. R. Evid. 403. Here, evidence that criminal charges were filed against Plaintiff and then later dismissed is not relevant to the issue of whether the officers used excessive force and such evidence is likely to confuse the jury. Accordingly, Plaintiff's motion in limine regarding introduction of the April 5, 2005 minute order is DENIED.

### 5.    Request for Judicial Notice (ECF No. 196)

Plaintiff first requests that the Court take judicial notice of 2012 Department of Corrections and Rehabilitation Operations Manual Sections 32010.15 (job related subjects), 32020.6 (accessories), and 52051.15 (handling of evidence). Plaintiff does not provide copies of the relevant

---

[3] Defendants filed a separate motion in limine seeking to exclude all references to the dismissal of the state criminal charges against Plaintiff.

10

sections and the 2012 manual is irrelevant to the November 2003 incident at issue.

Plaintiff next requests that the Court take judicial notice of Title 15 of the California Code of Regulations, Sections 3268 (use of force), 3268.1 (use of force levels review), 3268.2 (use of restraints), 3287 (cell, property and bodily inspections), 3004 (rights and respect of others), 3060 (means for practicing good health habits), and 3061 (personal hygiene of inmates). These sections are irrelevant to Plaintiff's constitutional claims and there is no apparent authority for a private right of action for violation of Title 15 regulations.

As a final matter, Plaintiff requests that the Court take judicial notice of Penal Code Section 673, 2650 (unlawful injury to prisoner) and 2652 (unlawful punishment). These Penal Code sections are irrelevant to Plaintiff's claims for violation of the Eighth Amendment.

Plaintiff's request for judicial notice is DENIED.

### 6. Motion in Limine to Take Judicial Notice of Plaintiff's Exhibits (ECF No. 199)

Plaintiff requests that the Court take judicial notice of his exhibits, which are identified as PX233, PX234 and PX235 filed on August 5, 2012. Exhibits PX233 and PX234 are X-Ray Request Report Forms. Exhibit PX235 is a Radiology Report dated December 15, 2005, with findings from a Magnetic Resonance Imaging of the Head. Plaintiff explains that these exhibits were not included in the October 11, 2012 Pretrial Order. Plaintiff's exhibits are not properly subject to judicial notice. Fed. R. Evid. 201(b). Accordingly, Plaintiff's motion in limine to take judicial notice of Exhibits PX233, PX234 and PX235 is DENIED.

### 7. Request that Defendants Torres, Gamboa and Duran Be Excluded So That They Cannot Hear Each Others Testimony (ECF No. 246.)

Plaintiff requests that Defendants Torres, Gamboa and Duran be excluded from hearing each other's testimony at trial pursuant to Fed. R. Evid. 615(b). Fed. R. Evid. 615(b) requires the Court, at a party's request, to order witnesses excluded so that they cannot hear other witnesses' testimony. However, this rule does not authorize excluding a party who is a natural person. Fed. R. Evid. 615(b). Accordingly, Plaintiff's request to exclude Defendants from hearing testimony is DENIED.

**8.     Motion that the Court Take Notice and Admit Plaintiff's Exhibits PX 233, PX 234 and PX 235 (ECF No. 247.)**

This motion mirrors Plaintiff's motion in limine requesting that the Court take judicial notice of exhibits PX233, PX234 and PX235.  By the instant motion, Plaintiff again requests that the Court take notice of the exhibits because Defendants have already admitted their authenticity in response to requests for admissions.  As previously stated, these exhibits are not the proper subject of judicial notice and Plaintiff's motion is DENIED.

**9.     Motion to Order Defendants to Produce the CTC Emergency Room Video of Plaintiff (ECF No. 250.)**

Plaintiff moves the Court to order Defendants to produce the CTC Emergency Room Video of Plaintiff dated November 4, 2003.  As discussed, the video will be made available at trial.  The Court and the parties will review the video together before the start of trial on January 22, 2013.  Accordingly, Plaintiff's motion is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **January 15, 2013**                         **/s/ Barbara A. McAuliffe**
                                                            UNITED STATES MAGISTRATE JUDGE