# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN GAMBOA, ANGEL DURAN, and MANUEL TORRES,<br><br>    Defendants.<br>_____ / | CASE NO. 1:05-cv–01022-BAM PC<br><br>ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE<br><br>(ECF Nos. 213, 214, 215 and 216) |

Plaintiff Troas V. Barnett is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the third amended complaint against Defendants Martin Gamboa, Angel Duran, and Manuel Torres for excessive force in violation of the Eighth Amendment, and against Defendant Torres for failure to intervene in violation of the Eighth Amendment. The parties have consented to Magistrate Judge jurisdiction. A jury trial is set for January 22, 2013.

On December 14, 2012, Defendants filed four separate motions in limine. Defendants' motions in limine were heard on January 15, 2013, before the Honorable Barbara A McAuliffe, United States Magistrate Judge. Plaintiff appeared telephonically on his own behalf. Janine Jeffrey appeared telephonically on behalf of Defendants Gamboa, Duran and Torres.

**A.    Motions in Limine**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion

in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

**B.     Defendants' Motions in Limine**

    **1.     Motion in Limine to Preclude References to the Criminal Case Against Defendant Duran (ECF No. 213)**

Defendant Duran was arrested in May 2012 on suspicion of child molestation. He is currently in custody awaiting trial on these charges. Defendants move to preclude Plaintiff from introducing any evidence regarding these matters in an attempt to attack Defendant Duran's character. Plaintiff did not file an opposition.

"Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Further, mention of the allegations or charges would be unduly prejudicial to the defendant. Fed. R. Evid. 403. Plaintiff was strongly cautioned against violating this order with a possible remedy of a mistrial.

In this case, there is no indication that evidence of the pending charges against Defendant Duran would serve any purpose other than impermissibly attacking his character and would be unely prejudicial. Accordingly, Defendants' motion in limine is GRANTED. As instructed at the hearing,

Plaintiff is precluded from introducing any evidence that Defendant Duran was arrested or that there are charges pending against him.

### 2. Motion in Limine to Permit Defendant Duran to Appear at Trial in Civilian Clothing and Without Restraints (ECF No. 214)

Defendants request that Defendant Duran be allowed to attend the trial in court-appropriate civilian clothing and to appear before the jury without restraints. To support their request, Defendants cite cases in the criminal context regarding the prejudicial effect of prison clothing and visible shackling. Defendants assert that Defendant Duran should not be presented to the jury in a worse light than the circumstances require and that there is no evidence that Duran poses any danger to those in the courtroom, that he is likely to escape or that he will engage in disruptive behavior.

Defendants' motion in limine to permit Defendant Duran to appear at trial in civilian clothing is GRANTED. However, the Court DEFERS ruling on Defendants' motion in limine requesting that Defendant Duran appear without restraints. The Court will address this request on the first day of trial.

### 3. Motion in Limine to Preclude All References to the Dismissal of the State Criminal Charges Against Plaintiff (ECF No. 215)

Defendants move to preclude Plaintiff from introducing evidence at trial that the charges against him for assaulting officers Duran and Gamboa were dismissed by the prosecution for insufficient evidence. Although the Court denied Plaintiff's motion to introduce the Kings County Superior Court minute order, he is not precluded from presenting testimony that charges were brough and dropped without further detail. Accordingly, Defendants' motion in limine to preclude all references to the dismissal of the state criminal charges against Plaintiff is DENIED.

### 4. Motion in Limine to Preclude Plaintiff from Suggesting to the Jury that Defendants Engaged in Discovery Abuses (ECF No. 216)

Defendants request that Plaintiff be precluded from making references at trial to any purportedly missing or undisclosed evidence, or to suggest to the jury that Defendants engaged in discovery abuse in this case. Defendants anticipate such arguments from Plaintiff based on allegations in his pretrial statement that Defendants failed to disclose certain documents. Evidence of discovery disputes between the parties or reference to whether Defendants' production complied

with the rules governing discovery are not relevant to the question of excessive force. Fed. R. Evid. 401.

Plaintiff did not file an opposition to the motion in limine. However, at the hearing Plaintiff raised concerns regarding the spoilation of evidence after the alleged incident. Neither the purported spoilation of evidence nor any discovery issues are properly before the Court. Further, there is no indication that Plaintiff's allegations of spoilation, including the chain of custody of his clothes, are somehow attributable to Defendants.

Accordingly, Defendants' motion in limine to preclude plaintiff from suggesting to the jury that Defendants engaged in discovery abuses is GRANTED.

IT IS SO ORDERED.

Dated:   **January 15, 2013**            /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE