UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN GAMBOA, et al.,<br><br>　　　　Defendants. | Case No.: 1:05-cv-01022-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR TRIAL TRANSCRIPTS<br><br>(ECF Nos. 293, 308) |

**I.    Introduction**

Plaintiff Troas V. Barnett ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 9, 2005. (ECF No. 1.) The matter proceeded to a jury trial on January 22, 2013. The jury returned a special verdict in favor of Defendants Gamboa, Duran and Torres on January 24, 2013, and judgment for Defendants was entered on January 30, 2013. (ECF Nos. 287, 289.) On February 6, 2013, Plaintiff filed a notice of appeal, which was processed to the Ninth Circuit Court of Appeals. (ECF No. 290, 292.) On February 11, 2013, Plaintiff filed a motion for new trial in this court. (ECF No. 295.) On April 11, 2013, the Ninth Circuit Court of Appeals issued an order indicating that Plaintiff's appeal would be held in abeyance pending the district court's resolution of the motion for new trial. (ECF No. 305.) On April 22, 2013, Plaintiff moved to withdraw his motion for new trial, which was

1  granted on May 9, 2013.  (ECF Nos. 306, 307.)  On May 20, 2013, Plaintiff filed a second notice of
2  appeal, which was processed to the Ninth Circuit Court of Appeals.  (ECF Nos. 309, 310.)
3  Currently pending before this Court are Plaintiff's motions for trial transcripts at government
4  expense, which were filed on February 6, 2013, and May 20, 2013. (ECF Nos. 293, 308.)

5  **II.     Discussion**

6  A litigant who has been granted in forma pauperis status may move to have transcripts
7  produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500,
8  1511-12 (9th Cir.1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903, 112 S.Ct.
9  291, 116 L.Ed.2d 236 (1991).  Two statutes must be considered whenever the district court receives a
10 request to prepare transcripts at government expense.  First, 28 U.S.C. § 1915(c) defines the limited
11 circumstances in which the court can direct payment by the United States for printing the record on
12 appeal for an indigent litigant.  Section 1915(c) provides:

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

20 28 U.S.C. § 1915(c).

21 Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts on
22 appeal only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous (but
23 presents a substantial question)." 28 U.S.C. § 753(f).  A request for a transcript at government expense
24 should not be granted unless the appeal presents a substantial question.  Henderson v. United States,
25 734 F.2d 483, 484 (9th Cir.1984).

26 Plaintiff's first and second notices of appeal do not set forth any basis for appeal.  However, in
27 Plaintiff's motion for the production of jury trial transcripts filed on May 20, 2013, Plaintiff indicates
28 that his appeal is based on a purported error in the Court's jury instructions.  (ECF No. 308.)  The

1 Court does not find that the appeal presents a substantial question. The jury instructions utilized in
2 this action were based on the Ninth Circuit Model Civil Jury Instructions and were provided to the
3 jury following input from all parties. Accordingly, the requests for trial transcripts at government
4 expense shall be denied.

5     Plaintiff is notified that the appellate court will request any necessary documents that are in the
6 record directly from this Court. Plaintiff also is notified that he may renew his request for a transcript
7 at government expense with the appellate court by filing a motion in that court.

8     **III.   Conclusion and Order**

9     Based on the above, Plaintiff's motions for trial transcripts at government expense are
10 DENIED.
11 IT IS SO ORDERED.

12     Dated:   **May 21, 2013**              /s/ *Barbara A. McAuliffe*
13                                               UNITED STATES MAGISTRATE JUDGE