# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>           Plaintiff,<br><br>     v.<br><br>MARTIN GAMBOA, et al.,<br><br>           Defendants.<br>_____/ | Case No. 1:05-cv-01022-BAM PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE REPLY AS MOOT**<br>**(ECF Nos. 303, 304)**<br><br>**ORDER DENYING OBJECTIONS TO BILL OF COSTS**<br>**(ECF No. 299)** |

Following a trial by jury, judgment was entered in favor of Defendants Gamboa, Duran and Torres on January 30, 2013. Defendants submitted a bill of costs for $1,303.94 on February 12, 2013. Plaintiff filed an objection on March 4, 2013, which was labeled a request for relief from bill of costs and included a proof of service dated February 26, 2013. (ECF No. 299.) Defendants filed an opposition on March 18, 2013. (ECF No. 302.) On April 10, 2014, Plaintiff filed a motion requesting that his response to Defendants' opposition be filed. (ECF No. 303.) Plaintiff's response was entered on the Court's docket the same day. (ECF No. 304.)

A. <u>Request to File Reply</u>

As stated, Plaintiff filed a motion requesting that his response to Defendants' opposition be filed. Plaintiff's motion is unnecessary because his response was filed on April 10, 2014. Accordingly, the motion shall be denied as moot.

B. <u>Objections to Bill of Costs</u>

As an initial matter, Plaintiff's objection to the bill of costs was not timely filed. Pursuant

to Local Rule 292(c), a party against whom costs are claimed may, within seven days from the date of service, filed specific objections to claimed items. Applying the prison mailbox rule to Plaintiff's objection, it was deemed filed on February 26, 2013. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). Plaintiff's objection was filed fourteen days after service of the Bill of Costs. Although Plaintiff's objections may be disregarded as untimely, the Court nonetheless considers the substance of Plaintiff's objections.

Defendants seek an award of costs for the fees incurred in obtaining transcripts of Plaintiff's deposition. (ECF No. 296, p. 1 and Ex. A.) "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(2).

Plaintiff first objects to these costs based on an assertion that the changes he sought to make in his deposition testimony were not made to the recorded transcript and were not read into the record. (ECF No. 299, p. 2.) Plaintiff's argument regarding the reading of the errors into the record is unrelated to the propriety of awarding costs to the prevailing defendants for amounts occurred in obtaining deposition transcripts. Moreover, during the course of the trial, defense counsel expressly noted that Plaintiff's purported changes to the original deposition transcript were included in the testimony on an errata sheet. Plaintiff also acknowledged that the errata sheet was attached to the transcripts. (ECF No. 314, 157:3-158:5.)[1]

Plaintiff next objects that deposition costs should not be allowed where the deposition was taken merely for counsel's convenience. (ECF No. 304, p. 2.) Plaintiff's objection lack merit. At trial, Defendants relied on the deposition transcript during cross-examination of Plaintiff. See ECF No. 314. In other words, the deposition was not taken merely as a convenience for defense counsel, but was necessarily obtained for use in the case.

The Court finds that Plaintiff's reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. Fed. R. Civ. P. 54(d)(1); <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 944-45 (9th Cir. 2003). Accordingly, Plaintiff's objections shall be denied.

///

---

[1] Page numbers refer to the pagination of the Court's electronic docket.

C. <u>Conclusion and Order</u>

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion requesting that his response to Defendants' opposition be filed is DENIED as moot;
2. Plaintiff's objections to Defendants' bill of costs are DENIED; and
3. Defendants' bill of costs in the amount of $1,303.94 is GRANTED.

IT IS SO ORDERED.

Dated: **June 2, 2014**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE