# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>       Plaintiff,<br><br>   v.<br><br>MARTIN GAMBOA, et al.,<br><br>       Defendants. | Case No.: 1:05-cv-01022-BAM PC<br><br>ORDER DIRECTING PLAINTIFF'S COUNSEL TO MEET AND CONFER WITH PLAINTIFF AND FILE A STATUS REPORT<br><br>ORDER DIRECTING CLERK'S OFFICE TO PROVIDE PLAINTIFF A COPY OF THIS ORDER |

Plaintiff Troas Barnett ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. On April 27, 2015, Angelina Z. Bradley was appointed as volunteer pro bono counsel to represent Plaintiff at trial. (ECF No. 325.) Currently this matter is set for a jury trial on February 23, 2016 at 8:30 a.m., in Courtroom 8 (BAM). (ECF No. 330.)

On September 15, 2015, Plaintiff filed a motion on his own behalf, with a supporting declaration, requesting that the Court discharge Ms. Bradley from her duties as his counsel and "reinstate" his pro se status. (ECF No. 333.) Plaintiff states that although he has received a letter from Ms. Bradley and met with her once, she has not replied to all of his correspondence regarding his case. (Id. at 4-5.) He is also under the impression that one or more Defendants may be open to settlement negotiations, but he has neither agreed to any settlement terms nor authorized Ms. Bradley to settle his case. (Id. at 4, 6.) Plaintiff further states that he is familiar with reference sources on trial advocacy and trial techniques, and would like to act as his own advocate in this case. (Id. at 6-7.)

The Local Rules provide guidelines on the appearance and withdrawal of counsel. Under Local Rule 182(d), "an attorney who has appeared may not withdraw leaving the client in propria persona

without leave of court upon noticed motion and notice to the client and all other parties who have appeared." Local Rule 182(d). Ms. Bradley has not filed any motion for withdraw. Furthermore, the consent of the client alone does not require the court to grant counsel leave to withdraw, if leave is indeed sought. CE Res., Inc. v. Magellan Grp., LLC, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009). Instead, if counsel seeks leave to withdraw, the Court must ascertain the reasons why leave is sought and determine whether good cause exists to permit withdrawal under the circumstances.

As Plaintiff acknowledges in his motion, in appointing Ms. Bradley to represent him just a few months ago, the Court found it appropriate that he be represented by pro bono counsel, and she voluntarily accepted the appointment. (ECF No. 325.) The Court is hopeful that Plaintiff's currently-expressed intent to proceed in propria persona is merely the result of a misunderstanding or miscommunication between client and counsel. At this juncture, there is no indication that Ms. Bradley seeks leave to withdraw from this matter or that representation cannot continue. However, in an abundance of caution, the Court will seek more information from Ms. Bradley on whether she believes she is able to continue the representation of Plaintiff for trial in this matter.

Furthermore, the Court is not aware of any joint request by the parties for a settlement conference, nor does the Court find ordering any settlement conference appropriate at this time. However, the parties are encouraged to keep an open mind and engage in informal settlement negotiations with each other to the extent that doing so may resolve any part of this action without the need for further litigation.

Accordingly, it is HEREBY ORDERED that:

1. Within twenty-one (21) days of service of this order, Angelina Z. Bradley is ORDERED to meet in person or by telephone with Plaintiff and discuss her continued representation of him in this matter;

2. Within twenty-one (21) days of service of this order, Angelina Z. Bradley is ORDERED to file a status report responding to Plaintiff's motion for reinstatement of pro se status, (ECF No. 333), indicating:

    (a) that she conferred with Plaintiff, including the date, time and manner; and

      (b)    whether she will be able to continue to represent Plaintiff in this matter, or whether she intends to file a motion to withdraw. If she intends to file a motion to withdraw, such motion shall be filed concurrently with her status report; and

3. The Clerk's Office is DIRECTED to mail Plaintiff a copy of this order at the following address:

    Troas V. Barnett, E-29521

    Calipatria State Prison

    B1-107L

    P.O. Box 5005

    Calipatria, CA 92233

4. Plaintiff is cautioned that he is represented by counsel and his correspondence with the Court must be through counsel. Separate filings are not permitted by parties who are represented by counsel. The Court has considered this filing because it presents a unique situation, but any further direct correspondence or filings by plaintiff will be stricken.

IT IS SO ORDERED.

Dated: **September 16, 2015**       /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE