**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TROAS V. BARNETT, | ) | Case No.: 1:05-cv-01022-BAM PC |
| Plaintiff, | ) ) | ORDER DIRECTING PLAINTIFF TO RESPOND |
| v. | ) ) | TO COUNSEL'S MOTION TO WITHDRAW WITH A DECLARATION FILED UNDER SEAL |
| MARTIN GAMBOA, et al., | ) ) | (ECF No. 335) |
| Defendants. | ) ) | ORDER DIRECTING CLERK'S OFFICE TO PROVIDE PLAINTIFF A COPY OF THIS ORDER |
| | ) ) | AND PERMITTING FILING A DOCUMENT UNDER SEAL |
| | ) ) | FOURTEEN-DAY DEADLINE |
| _____ | ) | |

Plaintiff Troas Barnett ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. On April 27, 2015, Angelina Z. Bradley was appointed as volunteer pro bono counsel to represent Plaintiff at trial. (ECF No. 325.) Currently this matter is set for a jury trial on February 23, 2016 at 8:30 a.m., in Courtroom 8 (BAM). (ECF No. 330.)

On September 15, 2015, Plaintiff filed a motion on his own behalf, with a supporting declaration, requesting that the Court discharge Ms. Bradley from her duties as his counsel and "reinstate" his pro se status. (ECF No. 333.) On September 17, 2015, the Court directed counsel to meet with Plaintiff and discuss her continued representation of him, and to file a status report informing the Court whether the representation could continue or whether she would be seeking leave to withdraw as counsel. (ECF No. 334.)

Currently before the Court is counsel's combined status report and motion to withdraw as counsel of record, filed September 17, 2015. (ECF No. 335.) In her combined status report and

1

motion, counsel explains that she spoke with Plaintiff via telephone on several issues regarding her representation of him. (Id. at 1-2.) At Plaintiff's request, counsel has moved for withdrawal as counsel of record, stating in support of her motion that the relationship has deteriorated to the point where she can no longer effectively represent Plaintiff, including because of his motion and some disagreements regarding his case. (Id. at 2.) She further believes a conflict of interest exists in light of several disputed allegations Plaintiff made in his motion seeking that she be discharged as counsel of record. (Id.) Nevertheless, in counsel's opinion, Plaintiff will be ineffective in advocating his own interests at trial, and she argues the Court should consider appointing him another pro bono panel attorney. (Id. at 2-3.) She further explains that in discussing this matter with Plaintiff, he expressed an unwillingness to be appointed new counsel, preferring to represent himself. (Id.)

The decision to grant withdrawal is within the discretion of the Court and leave "may be granted subject to such appropriate conditions as the Court deems fit." Courts consider several factors in ruling on a motion to withdraw, including "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." CE Res., Inc. v. Magellan Grp., LLC, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009). In addition, this matter also concerns issues regarding whether the Court should seek new pro bono counsel to represent Plaintiff should it grant counsel's motion to withdraw.

To better evaluate counsel's motion in this case, the Court requires more information from Plaintiff. Specifically, Plaintiff needs to inform the court (1) whether or not he believes he can effectively advocate for his own interests in this case; (2) if so, the specific reasons and basis for his ability to effectively advocate for his own interests, including for all pre-trial preparations, hearings, motions, and at trial; and (3) whether or not he is open to the Court attempting to locate new counsel to assist him, and the reasons why or why not. To mitigate any potential prejudice to Plaintiff from the need to explain these issues on the record, he shall serve his response to counsel's motion in a declaration submitted under seal to the Court and served on his counsel. Plaintiff **shall not serve** the declaration on the Defendants or their counsel. Plaintiff shall be granted fourteen (14) days to respond to counsel's motion with the information requested by the Court and any other information he believes

may be of assistance in evaluating counsel's motion.

Accordingly, it is HEREBY ORDERED that:

1. Within fourteen (14) days of service of this order, Plaintiff is ORDERED to file a declaration under seal stating: (a) whether or not he believes he can effectively advocate for his own interests in this case; (b) if so, the specific reasons and basis for his ability to effectively advocate for his own interests, including for all pre-trial preparations, hearings, motions, and at trial; and (c) whether or not he is open to the Court attempting to locate new counsel to assist him, and the reasons why or why not;

2. Plaintiff shall prominently put in the title of his declaration that it is "Submitted Under Seal," shall provide a copy of this order authorizing sealing with his declaration, and shall state in a prominent matter "Sealed Documents" on the envelope transmitting his declaration, in accordance with Local Rule 141;

3. Plaintiff shall serve his declaration on his counsel Angelina Z. Bradley, but **shall not** serve or disclose it to Defendants, their counsel, or the general public;

4. Plaintiff's declaration shall remain under seal until it is ordered unsealed by the Court;

5. Plaintiff is cautioned that he is still represented by counsel and his correspondence with the Court must be through counsel. The Court has ordered his filing of a declaration as an exceptional circumstance, but any further direct correspondence or filings by him will be stricken; and

6. The Clerk's Office is DIRECTED to mail Plaintiff a copy of this order at the following address:

> Troas V. Barnett, E-29521
> Calipatria State Prison
> B1-107L
> P.O. Box 5005
> Calipatria, CA 92233

IT IS SO ORDERED.

Dated:   __September 18, 2015__          ___/s/ Barbara A. McAuliffe___
                                         UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28