UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROAS V. BARNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN GAMBOA, et al.,<br><br>    Defendants. | Case No.: 1:05-cv-01022-BAM PC<br><br>ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW AND GRANTING PLAINTIFF'S MOTION TO REINSTATE PRO PER STATUS<br><br>(ECF Nos. 333, 335) |

## I.  Introduction

Plaintiff Troas Barnett ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's claims that Defendants Gamboa, Duran, and Torres used excessive physical force against him, and that Defendant Torres failed to intervene to protect him from harm, in violation of his rights under the Eighth Amendment. Trial by jury is set to commence on February 23, 2016 at 8:30 a.m., in Courtroom 8 (BAM). (ECF No. 330.)

Currently before the Court are Plaintiff's counsel's motion to withdraw as counsel of record, (ECF No. 335.), and Plaintiff's motion for his pro per status to be reinstated, (ECF No. 333). For the reasons explained below, the Court will grant counsel's motion to withdraw, and will also reinstate Plaintiff to his pro per status.

## II.  Factual and Procedural Background

Following remand from the Ninth Circuit,, Angelina Z. Bradley was appointed as volunteer pro bono counsel on April 27, 2015 to represent Plaintiff at trial. (ECF No. 325.) A few months later, on

1

1  September 15, 2015, Plaintiff filed a motion on his own behalf, with a supporting declaration,
2  requesting that the Court discharge counsel from her duties and "reinstate" his pro se status. (ECF No.
3  333.) On September 17, 2015, counsel filed her own motion to withdraw. (ECF No. 334.) In her
4  motion, counsel also recommended that the Court deny Plaintiff's request to reinstate his pro per
5  status, and instead appoint him new counsel. (Id. at 2-3.)

6  To better evaluate Plaintiff's request and counsel's motion and recommendation, the Court
7  directed Plaintiff to file a declaration under seal setting forth (1) whether or not he believes he can
8  effectively advocate for his own interests in this case; (2) if so, the specific reasons and basis for his
9  ability to effectively advocate for his own interests, including for all pre-trial preparations, hearings,
10 motions, and at trial; and (3) whether or not he is open to the Court attempting to locate new counsel
11 to assist him, and the reasons why or why not. (ECF No. 336.) Plaintiff filed that declaration and a
12 response to counsel's motion, under seal, on October 5, 2015 (ECF Nos. 337-338). The Court
13 carefully considered all the relevant filings in this matter, and rules as follows.

14 **III.   Counsel's Motion to Withdraw**

15 Counsel seeks leave to withdraw as counsel of record in this matter on the grounds that her and
16 Plaintiff's "ongoing disagreements, coupled with Plaintiff's Motion, have deteriorated the attorney-
17 client relationship to the point where [she] can no longer effectively represent Plaintiff." (ECF No.
18 335, p. 2.) She describes their disagreements as frequent and touching on both the substance and
19 strategy of the case. (Id.)  Counsel further argues that even if this attorney-client relationship could be
20 rehabilitated, Plaintiff's motion has created a conflict of interest, permitting her to withdraw from the
21 case. Particularly, she notes several disputed allegations Plaintiff has made regarding her
22 representation of him, generally accusing her of not communicating with him sufficiently about his
23 case. (Id.) For his part, Plaintiff declares that he and his counsel have significant disagreements
24 concerning both case theory and strategy, and that their relationship has deteriorated such that he no
25 longer feels she can effectively represent him. (ECF No. 337 (Pl.'s Sealed Resp. to Ms. Bradley's Mot.
26 to Withdraw).)

27 Eastern District of California Local Rule 182(d) provides that an attorney who has appeared on
28 behalf of a client may not withdraw, leaving the client in propria persona, without leave of court. The

rule further states that "[w]ithdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California" ("California Rules of Professional Conduct"). The California Rules of Professional Conduct are interpreted according to California law. See Image Technical Services, Inc. v. Eastman Kodak Co., 820 F.Supp. 1212, 1215 (N.D.Cal. 1993).

Counsel has not cited a specific rule pursuant to which she seeks leave to withdraw, but her allegations appear to fall under Rule 3–700(C) of the California Rules of Professional Conduct, which covers various situations in which it is permissive for a member of the bar to withdraw from representation of a client. These reasons include because a client has rendered in unreasonably difficult to carry on effective employment, Rule 3–700(C)(1)(d), and because the member believes in good faith that there is good cause for withdrawal, Rule 3-700(C)(6). Rule 3-700(C)(5) also provides that a member may withdraw when "[t]he client knowingly and freely assents to termination of the employment." The decision to grant or deny a motion to withdraw as counsel, is, however, committed to the sound discretion of the trial court. See LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998); Rus, Millband & Smith v. Conkle & Olesten, 113 Cal.App.4th 656, 673, 6 Cal.Rptr.3d 612 (2003); Estate of Falco, 188 Cal.App.3d 1004, 1014, 233 Cal.Rptr. 807 (1987) ("To protect the best interests of the client, a trial court should have broad discretion in allowing attorneys to withdraw.").

The lack of a cooperative relationship between an attorney and his client may justify the attorney's withdrawal. See, e.g., U.A. Local 342 Joint Labor–Management Committee v. South City Refrigeration, Inc., 2010 WL 1293522, *3 (N.D.Cal. Mar.31, 2010) (client's failure to cooperate or communicate effectively justified granting counsel leave to withdraw); Lewis v. Nevada County, 2009 WL 463510, *1 (E.D.Cal. Feb.23, 2009) (client's failure to cooperate and heed counsel's advice constituted sufficient grounds to allow counsel to withdraw). However, withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed. Ramirez v. Sturdevant, 21 Cal.App.4th 904, 915, 26 Cal.Rptr.2d 554 (1994) (an attorney may not withdraw "at a critical point and thereby prejudic[e] the client's case"); see also California Rules of Professional Conduct, Rule 3–700(A) ("a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client").

1   Finally, courts may consider the following factors in ruling on a motion for permissive
2   withdrawal: "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other
3   litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to
4   which withdrawal will delay the resolution of the case." CE Res., Inc. v. Magellan Grp., LLC, No.
5   2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009).

6   The Court has balanced the relevant factors concerning Plaintiff's counsel's request to
7   withdraw in this case, and finds that good cause exists to permit counsel to permissively withdraw as
8   attorney of record for Plaintiff. Both Plaintiff and his counsel agree that there has been an
9   irredeemable breakdown of the relationship here, and that they cannot communicate effectively so as
10  to work together on this case. Counsel in particular finds that she can no longer provide Plaintiff
11  effective representation based both on his lack of cooperation with her advice (which he admits he
12  vehemently disagrees with), and his accusations that she is insufficiently communicative. The Court
13  makes no finding on the veracity of Plaintiff's allegations against his counsel, but notes that the
14  statements by both counsel and client show disagreements of a type and degree which will prevent
15  cooperation and effective representation in this case.

16  Regarding the issues of prejudice, harm to the administration of justice, and delay, the Court
17  finds that these factors do not outweigh the reasons for permitting withdrawal in this instance. As
18  discussed in more detail below, the Court is granting Plaintiff's request to reinstate his pro per status.
19  Thus, there will be no need to locate new counsel for him and therefore no resulting delay in any of
20  the pending dates and deadlines in this matter. The Court finds that Plaintiff has sufficient time to
21  prepare for the trial and pretrial matters in this case as a pro se litigant. The next deadline in this case
22  is on November 19, 2015, giving Plaintiff a month to prepare for the next filing due in this matter, and
23  the trial itself is set for February 23, 2016, over four months away. (ECF No. 330.) Moreover, as
24  Plaintiff declares, he has already represented himself from the beginning of his case through trial as a
25  pro se litigant, (ECF No. 338 (Sealed Decl. of Troas Barnett ("Barnett Decl."))), and as discussed
26  more fully below, the Court found that he fully and adequately represented himself at that time and
27  should be able to do so again on re-trial. Consequently, allowing Plaintiff's counsel to withdraw will
28

cause no undue prejudice, harm or delay here for any of the parties. Therefore, counsel's motion to withdraw is granted.

### IV.   Plaintiff's Request to Proceed Pro Se

As noted above, Plaintiff's counsel recommended to the Court that if her motion to withdraw were granted, Plaintiff should be appointed a new attorney. (ECF No. 335, pp. 2-3.) In her opinion, "Plaintiff will be ineffective in advocating his own interests at trial" and several pending matters would be best handled with the assistance of counsel. (Id. at 2.)

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c) (2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Allen, 408 F.3d at 1152–54.

Counsel provides no declarations or other evidence in support of her assertion that Plaintiff will be ineffective in representing himself pro se in this matter, nor does she provide any facts or observations upon which her assertion is based for the Court to consider. On the other hand, Plaintiff has provided a sworn declaration in support of his request to be reinstated to his pro per status, giving numerous reasons why he is prepared to represent himself in this matter. These reasons include (1) that he is the most informed person of the facts and circumstances regarding his case; (2) that he has familiarity with the Federal Rules of Evidence and Federal Rules of Civil Procedure; (3) that he has organized a litigation file and trial notebook for this matter; (4) that he is prepared to appear for hearings in this matter; (5) that he has prepared pre-trial memoranda, motions in limine, and proposed jury instructions relevant to this matter; (6) that he is knowledgeable of the elements of his claims and the relevant defenses; (7) that he is knowledgeable about the presentation of his theory of the case to a jury, including the preparation of opening and closing arguments; (8) that he has prepared relevant

1  documents for requesting witnesses for the upcoming re-trial; and (9) that he has researched jury
2  composition issues for his re-trial. (Barnett Decl. 4.)
3     Furthermore, in the Court's experience with Plaintiff during his first trial, he was able to fully
4  prepare for his case and adequately represent himself. Specifically, he (1) was prepared to give
5  testimony and elicit witness testimony; (2) asked probing follow-up questions based on witness
6  testimony; (3) cross-examined witnesses on key issues; and (4) delivered an organized, pre-prepared
7  opening statement and a closing statement that incorporated new evidence elicited at trial. (ECF No.
8  314, pp. 111-117, 128-153, 211-244; ECF No. 315, pp. 11-66, 96-167, 179-231; ECF No. 316, pp. 34-
9  37.) Based on the Court's previous experience with Plaintiff, and his current declaration of additional
10 experience, preparation and research undergone for his re-trial, there is not substantial evidence of
11 incompetency or of any failure of the ability to represent himself adequately here. Rather, Plaintiff is
12 sufficiently able to represent himself in these re-trial proceedings.
13    In response to the Court's request for his position on attempting to find him new appointed
14 counsel, Plaintiff has raised two issues that do not show the exceptional circumstances necessary for
15 the Court to do so. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). First, he provides
16 conjecture that he may require the assistance of counsel if he is obstructed in his efforts to prepare for
17 trial while he is incarcerated. (Barnett Decl. 3.) These concerns are merely speculative and do not
18 support the need for appointed counsel. Secondly, he surmises that counsel could seek to have a
19 medical expert witness appointed in this matter to discuss his injuries. (Id. at 5.) Plaintiff has already
20 previously moved for the appointment of a medical expert witness in this matter, and the Court denied
21 that motion, finding in pertinent part that Plaintiff may testify as to his symptoms to show the nature of
22 his injury. (ECF No. 198, p. 3-5.) If Plaintiff would like the Court to reconsider this ruling, he may file
23 a motion for reconsideration, as described below.
24    For the foregoing reasons, the Court will grant Plaintiff's request to be reinstated to his pro per
25 status. The Court reminds Plaintiff that under the current scheduling order, he shall (1) serve and file
26 his pretrial statement; (2) submit his written request for the attendance of incarcerated witnesses, if
27 any; and (3) notify the Court of the names and locations of any incarcerated witnesses who refuse to
28

testify voluntarily that he seeks to obtain the attendance of, on or before **November 19, 2015**.[1] If Plaintiff wishes to move for reconsideration of the denial of his motion for appointment of a medical expert witness, that motion should also be served and filed on or before **November 19, 2015**. Any response by Defendants to any such motion for reconsideration shall be served and filed on or before **December 3, 2015**. No reply brief nor any oral argument will be necessary, and the motion shall be deemed submitted when the time to respond to the motion has expired. Local Rule 230(l).

## V.     Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. The Motion to Withdraw by Plaintiff's counsel, Angelina Z. Bradley (ECF No. 335), is GRANTED. Ms. Bradley is relieved as counsel of record for Plaintiff effective upon the filing of a proof of service of this signed order on Plaintiff;

2. Plaintiff's motion to be reinstated to his pro per status (ECF No. 333) is GRANTED;

3. Any motion for reconsideration by Plaintiff of this Court's order denying his motion for the appointment of a medical expert witness shall be served and filed on or before **November 19, 2015**. Any response by Defendants to that motion shall be served and filed on or before **December 3, 2015**. No reply brief nor any oral argument will be necessary, and the motion shall be deemed submitted when the time to respond to the motion has expired. Local Rule 230(l).

///
///
///
///
///
///
///

---

[1] The Court again reminds Plaintiff that he bears the burden of making a good faith determination that these witnesses have relevant information before requesting the Court to transport these witnesses. The Court further notes that with specific regard to Plaintiff's proposed incarcerated witness, Darrell King, he previously declared under penalty of perjury that he did not see the events at issue in this case, cannot provide any relevant testimony, and should not be transported to any trial in this case, information that the Court did not have sufficient time to fully consider before commencement of the previous trial. (ECF No. 258.)

7

4. The Clerk of the Court is directed to serve a copy of this order at Plaintiff's last known address, as follows, which shall also be used as his address of record:

> Troas V. Barnett
> E-29521
> Calipatria State Prison B1-107L
> P.O. Box 5005
> Calipatria, CA 92233

IT IS SO ORDERED.

Dated: **October 20, 2015**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE