1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10         **EASTERN DISTRICT OF CALIFORNIA**

11  TROAS V. BARNETT,                    )  Case No.: 1:05-CV-01022-BAM (PC)
                                         )
12         Plaintiff,                    )  **PRETRIAL ORDER**
                                         )
13         v.                            )  Motions in Limine Filing Deadline: January 8, 2016
                                         )
14  MARTIN GAMBOA, et al.,               )
                                         )  Opposition to Motions in Limine Filing Deadline:
15         Defendants.                   )  January 20, 2016
                                         )
16                                       )  Motion in Limine Hearing: February 2, 2016 at 10:00
                                         )  am. in Courtroom 8 (BAM)
17                                       )
                                         )
18                                       )  **Jury Trial**: February 23, 2016, at 8:30 a.m. in
                                         )  Courtroom 8 (BAM)
19  ─────────────────────────────────── )

20         Plaintiff Troas V. Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma

21  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's

22  claims against Defendants Martin Gamboa, Angel Duran and Manuel Torres for use of excessive force

23  against him in violation of his rights under the Eighth Amendment of the United States Constitution,

24  and against Defendant Torres for the failure to intervene to protect Plaintiff from harm in violation of

25  his rights under the Eighth Amendment. All parties have consented magistrate judge jurisdiction.

26  (Plaintiff's consent, ECF No. 9; Defendants' consents, ECF Nos. 62, 93).

27         The parties submitted pretrial statements, and on December 17, 2015, the Court held a

28  telephonic trial confirmation hearing. Having reviewed the statement and the remainder of the file and

1

1  having considered the issues raised at the telephonic trial confirmation hearing, the Court issues the

2  instant pretrial order.

### I.       Jurisdiction and Venue

4  The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331.

5  Venue is proper because the conduct allegedly occurred in this judicial district. 28 U.S.C. § 1391.

### II.       Trial

7  The parties demand a trial by jury. Fed. R. Civ. P. 38(b).

8  Trial is set for **February 23, 2016 at 8:30 a.m.** before U.S. Magistrate Judge Barbara A.

9  McAuliffe in Courtroom 8 (BAM).

### III.       Facts

#### A.       Plaintiff's Undisputed Facts

12  It is undisputed that on November 4, 2003 at the California Substance Abuse Treatment

13  Facility – Corcoran, Defendant then tower Officer Manual Torres instructed Plaintiff to enter an

14  occupied single man shower stall. It is undisputed that Plaintiff refused to enter the shower stall. It is

15  further undisputed that afterward a disagreement ensued resulting in Defendants using force which

16  resulted in Plaintiff being admitted to the emergency room for a 3-1/2 inch laceration to the top left

17  side of his skull, requiring anesthetic injections and the implantation of eight large staples into

18  Plaintiff's skull to close the laceration. It is also undisputed that afterward Plaintiff sought medical

19  attention as to cause of ringing in both of his ears. Doctors conducted test commensurate with medical

20  science and determined that the Plaintiff sustained sensorineural bilateral hearing loss in both ears. It is

21  also undisputed that Plaintiff sustained numerous other injuries during the incident of November 4,

22  2003 incident initially not noted on the medical report of the occurrence.

#### B.       Defendants' Undisputed Facts

24  1.       Plaintiff is a prisoner of the State of California serving a life term under the three strikes law.

25  2.       On November 4, 2003, plaintiff was incarcerated at the California Substance Abuse Treatment

26  Facility in Corcoran, California.

27  ///

28  ///

3.      On November 4, 2003, Defendants Martin Gamboa, Angel Duran, and Manuel Torres ("defendants") were correctional officers employed by the California Department of Corrections and Rehabilitation.

4.      On November 4, 2003, Officer Gamboa and Officer Duran were floor officers assigned to Building 7.

5.      On November 4, 2003, Officer Torres was the control booth officer assigned to Building 7 at the time of the incident.

6.      On the date of the incident, plaintiff was assigned to cell 206.

### C.      Plaintiff's Disputed Factual Issues

It is a disputed factual issue whether Plaintiff assaulted Defendants Martin Gamboa and Angel Duran on November 4, 2003 at the C.S.A.T.F. It is a disputed factual issue whether Defendants Gamboa and Duran upon completion of a cell search of cell 206 pulled Plaintiff inside of cell 206 and thereafter subjected Plaintiff to a malicious and sadistic beating utilizing a heavy metal Mag-lite flashlight and state issued baton and whether during the occurrence Defendant Manuel Torres witnessed Defendants Gamboa and Duran beating Plaintiff inside cell 206 and failed to act: delaying the activation of the emergency response alarm for a 2-3 minute duration. It is a disputed factual issue whether after Plaintiff was severely and seriously injured Manuel Torres fired an unnecessary round from the 40mm launcher.

It is also a disputed factual issue whether after the Defendants malicious/sadistic use of force whether Defendants Gamboa, Duran, and Torres filed false rules violation reports and criminal charges against Plaintiff to conceal their unlawful conduct.

### D.      Defendants' Disputed Factual Issues

Whether on November 4, 2003, the force applied by Duran was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.

Whether on November 4, 2003, the force applied by Gamboa was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.

///

///

3

1   Whether on November 4, 2003, Torres applied any force and if so, whether it was applied in a

2   good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose

3   of causing harm.

4   Whether Torres failed to protect Barnett from the alleged assault by Gamboa and Duran.

5   Whether plaintiff ignored orders to prone out.

6   Whether Duran ever struck plaintiff with a flashlight.

7   Whether Torres activated his alarm upon realizing that there was an altercation involving

8   Barnett.

9   Whether the firing of a baton round by Torres injured the plaintiff.

10   Whether plaintiff suffered any permanent injury as a result of this incident.

11   **E.       Disputed Evidentiary Issues**[1]

12   **1.       Plaintiff's Disputed Evidentiary Issues**

13   It is a disputed evidentiary issue whether Crime/Incident Reports Part B – Involved Parties

14   Relative to November 4, 2003 SATF-03-03-11-0436 Rules Violation Reports are properly admissible

15   in the upcoming trial. Specifically the reports of Jason Barba, badge #58941, 11-4-03; David Norman,

16   badge #55377, 11-4-03; Tracy Jackson, badge #56966, 11-4-03.

17   Plaintiff argues that under Federal Rules of Evidence 803(b) they are properly admissible

18   under that rule. A report prepared from information transmitted by a person with knowledge may be

19   admissible if that report was kept in the course of a regular practice of the institution to make such a

20   report. Further the method or circumstances of preparation do not indicate lack of trustworthiness. The

21   suppliers of information acted within regular course; not only was the entrants under a business duty to

22   record the event and were under a contemporaneous business duty to report the occurrence to the

23   entrant as well. Officers statement carries with it the requisite degree of trustworthiness essential to the

24   business records exception. Defendants have admitted authenticity of the documents January 12, 2011.

25   Wheeler v. Sims, 951 F.2d 796, 802 n.5 (7th Cir.)

26   ///

27

28
---
[1]       The parties may file motions in limine, addressed below, and/or object to the introduction of evidence at trial.

1

### 2.      Defendants' Disputed Evidentiary Issues

2       Plaintiff seeks to introduce evidence that the criminal prosecution against him for assault on an

3   officer was dismissed for insufficient evidence. Defendants object to the introduction of this evidence

4   on the ground that the dismissal of the case against plaintiff for battery is irrelevant to the issue of

5   whether defendants violated plaintiff's Eighth Amendment rights.

6       Plaintiff also seeks to introduce the entirety of a videotape that shows plaintiff being housed at

7   a new institution after the incident. Defendants object to portions of the videotape on the ground that it

8   includes segments of nudity and a body cavity search which are irrelevant to this litigation and more

9   prejudicial than probative.

10      Plaintiff plans to offer testimony regarding medical reports, including an MRI and the meaning

11  of a finding of "ischemic changes." This testimony should be precluded as plaintiff lacks

12  qualifications to offer medical testimony.

13      Plaintiff will attempt to offer evidence that Duran has been convicted of various crimes after

14  this incident. Duran is currently appealing those convictions and hence, the judgments are not final

15  and no evidence should be admitted that he has been convicted nor should any evidence be admitted as

16  to the nature of the convictions.

17      Plaintiff appears to intend to offer into evidence transcripts of the first trial. Defendants object

18  to the admission of such transcripts into evidence.

19      **F.      Special Factual Information**

20      None.

21  **IV.   Relief Sought**

22      Plaintiff seeks declaratory relief, compensatory damages, and punitive damages.

23      In the event the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that

24  Plaintiff's constitutional rights were violated. Accordingly, the Court finds that a declaration that any

25  defendant violated Plaintiff's rights is unnecessary and redundant. See United States v. Washington,

26  759 F.2d 1353, 1357 (9th Cir. 1985) (declaratory relief should be denied when it will neither clarify

27  the legal relations in issue nor terminate the proceedings and afford relief from any uncertainty)

28  ///

1  **V.     Points of Law**

2       **A.     Imposition of Liability Under Section 1983**

3       Under section 1983, Plaintiff is required to prove that each defendant (1) acted under color of

4  state law and (2) deprived him of rights secured by the Eighth Amendment of the United States

5  Constitution. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must

6  prove that each defendant personally participated in the deprivation of his rights. Jones v. Williams,

7  297 F.3d 930, 934 (9th Cir. 2002). "A supervisor is liable under § 1983 for a subordinate's

8  constitutional violations 'if the supervisor participated in or directed the violations, or knew of the

9  violations and failed to act to prevent them.'" Maxwell v. Cnty. of San Diego, 708 F.3d 1075, 1086

10  (9th Cir. 2013) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). There is no respondeat

11  superior liability under section 1983, and each defendant is only liable for his own misconduct.

12  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009).

13       **B.     Eighth Amendment – Excessive Force Claim**

14       The relevant inquiry for this Eighth Amendment claim is "whether force was applied in a

15  good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

16  Hudson v. McMillian, 503 U.S. 1, 67, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312,

17  320-21, 106 S. Ct. 1078, 1085 (1986). In making this determination, the court may evaluate "the need

18  for the application of force, the relationship between the need and the amount of force that was used,

19  [and] the extent of injury inflicted." Whitley, 475 U.S. at 321, 106 S. Ct. at 1085; Marquez v.

20  Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003). Prison administrators "should be accorded wide-ranging

21  deference in the adoption and execution of policies and practices that in their judgment are needed to

22  preserve internal order and discipline and to maintain institutional security."  Whitley, 475 U.S. at

23  321-22 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

24       While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not

25  end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates

26  contemporary standards of decency. Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9)

27  (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately

28  counts. Wilkins, 130 S. Ct. at 1178.

6

1    **C.     Eighth Amendment – Failure to Intervene**

2        Prison officials are required "to take reasonable steps to protect inmates from physical abuse."

3    *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by *Sandin v.*

4    *O'Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). "[A] prison official can violate a

5    prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442

6    (9th Cir. 1995).

7    **D.     Punitive Damages**

8        Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a

9    preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5

10   (2008). The jury must find that Defendants' conduct was "motivated by evil motive or intent, or . . .

11   involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade,

12   461 U.S. 30, 56, 103 S.Ct. 1625 (1986). Acts or omissions which are malicious, wanton, or oppressive

13   support an award of punitive damages. Dang v. Cross, 422 F.3d 800, 807-08 (9th Cir. 2005).

14   **E.     Federal Rules of Evidence**

15       Federal Rule of Evidence 609 provides that evidence of a witness's prior felony conviction

16   may be used to impeach that witness's testimony.

17       Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot

18   be used to prove the character of the person in order to show conduct in conformity with that character

19   trait. Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity,

20   intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Id.

21   **VI.   Abandoned Issues**

22       None.

23   **VII.  Witnesses**

24       **The following is a list of witnesses that the parties expect to call at trial, including**

25   **rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN**

26   **THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR**

27   **UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT**

28   **"MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

### A. Plaintiff's Witness List

1. Plaintiff Troas V. Barnett

2. Jermain Delfonso Moore

3. Manrique Jorge Luis

### B. Defendants' Witness List[2]

1. Defendant M. Gamboa

2. Defendant A. Duran

3. Defendant M. Torres

## VIII. Exhibits

**The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

### A. Plaintiff's Exhibits

See Plaintiff's "Trial Exhibit Log" i.e. Pltf. Ex. No.#s O=Offered Obj=Objection RR=Ruling Reversed OR=Overruled S=Sustained A=Admitted. Exhibits and Exhibit Trial Log Attached Hereto. Plaintiff will also seek to offer answers to Interrogatories and Admissions December 17, 2010. Plaintiff will also offer reporter transcripts from first jury trial of January 22-24, 2013.

Plaintiff asserts that Federal Rules of Evidence Rule 801(d)(1) makes a prior inconsistent statement under oath admissible for its truth. Admissible as substantial evidence if made under oath. Plaintiff will also offer testimony RT Kings County Superior Court case no. 04CM-7068.

1. Superior Court of the State of California for the County of Kings April 5, 2005 Judge Lynn C. Atkinson District Attorney Tonya Lee Criminal Case No. 04CM-7068. District Attorney request case dismissed for insufficient evidence.

---

[2] Defendants are not required to call all of the witnesses listed. However, as is the Court's general practice in cases such as this, witnesses the defense plans to call shall be present on **February 23, 2015 by 9:30 a.m.** and shall be available for Plaintiff to call for direct examination.

2.      Crime Incident Report Part C-1 Supplement 5 pages; Medical Report of Injury Martin Gamboa; Picture of Mag-lite Flashlight; photographs of Gamboa 7# pictures. November 4, 2003 at C.S.A.T.F.

3.      Crime Incident Report Part C-1 Supplement 2 pages; Medical Report of Injury Angel Duran; pictures of P-24 baton; photographs of Duran's knee 3# pictures November 4, 2003 Angel Duran's medical treatment records 3 pages M.D. Umesh; Bhagia; George A. Rabey M.D.; Ani Thompson, M.P.T. November 4, 2003 at C.S.A.T.F.

4.      Crime Incident Report C-1 Supplement 4 pages Manuel Torres November 4, 2003 at C.S.A.T.F.

5.      Program Status Report Part B – Plan of Operation/Staff and Inmate Notification. Effective Date of Plan November 3, 2003. C.S.A.T.F.

6.      1st Medical Report of Injury November 4, 2003 1835 hours at C.S.A.T.F. claiming active bleeding and bruise discoloration area.

7.      Typed transcript interview dated November 3, 2004 David Andres; Harold Duncan C.S.A.T.F. emergency room 4 pages.

8.      Photographs of Plaintiff's shoes; photographs of Plaintiff's shirt, socks and shoes; blue pants; tank top; boxers; 10# photographs.

9.      2nd Medical Report of Injury November 4, 2003 1835 hours at C.S.A.T.F. noting broken bone; bruise/discoloration; cut/laceration/slash; reddened area; swollen area; 8 staples to top left side of skull at C.S.A.T.F.; (7) seven close-up photographs of injury laceration to Plaintiff's skull; physicians progress notes November 4, 2003 2300 hours CDC 7230 at C.S.A.T.F.; CDC 7286 emergency room admission 1845 hours treating physician Dr. Deering 11-4-2003; X-ray Request Report Form 11-17-03 skull series Jeffrey K. Child; Orthopaedic clinic notes 8-17-2005 David G. Smith M.D.; Audiology Clinic C.S.A.T.F. Consultants Record G. Johnson October 14, 2004 and November 24, 2004; CDC Form 1845 Disability Placement Program 2-18-05 hearing impairment. James Carter Thomas, M.D. Medical Imaging August 6, 2004 of right forth finger; Orthopedic Clinic David Smith 9-29-2004 and August 4, 2004 David G. Smith, M.D.; X-ray request Leonard J. Tyminski, M.D. 1-13-2004; physicians orders 11-6-03, 11-10-03.

1  10.    Photographs of the upper tier C.S.A.T.F. cell 206 and shower; also photos of 201; 202; 203;

2  204; 205; 206; 207; 208.

3  11.    Photographs corner area inside cell 206; toilet area, desk area and bunk beds.

4  12.    Photograph of tower with distorted view.

5  13.    Superior Court of California County of Kings County Judicial District Honorable George

6  Orndoff, Judge Department 10# Corcoran California September 23, 2004 Criminal Case No. 04CM-

7  7068 C.S.R. # 12490 Heidi Benavides Direct Examination Martin Gamboa Pages 3, 16, 17, 18, 19, 20,

8  31.

9  14.    Eastern District of California Case No. 1:05-CV-01022-BAM Fresno, California Wednesday,

10  January 23, 2013 8:35 AM transcript of proceedings Direct Manual Torres B-249; Martin Gamboa B-

11  342; Angel Duran B-425 trial testimony.

12      **B.    Defendants' Exhibits**

13  1.    837 report for the November 4, 2003 Incident

14  2.    Program Status Reports for 11/3/03 and thereafter

15  3.    Abstracts of judgment for plaintiff

16  4.    Abstracts of judgments for Moore and Manrique.

17  5.    Photographs of officers, plaintiff, plaintiff and plaintiff's clothes

18  6.    Rules violation report dated February 25, 2001 for mutual combat

19  7.    Rules violation report dated April 12, 2000 for attempted battery on a non-inmate

20  8.    Rules violation report dated November 29, 1999 for slashing an inmate

21  9.    Rules violation report dated April 5, 1997 for mutual combat

22  10.    Rules violation report dated October 8, 1996 for battery on an inmate

23  11.    837 Report re battery on Barnett dated April 20, 1999

24  12.    Rules Violation Report History from 1989 to 2006

25  13.    Various medical records

26  14.    Photographs of Housing Unit C7

27  15.    Video interview of plaintiff on November 4, 2003

28  16.    Audio transcription of the video interview of November 4, 2003

17.    PR 24 Baton

18.    Flashlight

19.    Plaintiff's hand drawn rendering, schematic of incident location

**IX.    Discovery Documents to be Used at Trial**

Defendants anticipate potentially offering portions of Plaintiff's deposition testimony and trial testimony for impeachment during trial.

**X.    Further Discovery or Motions**

Plaintiff stated in his pretrial statement at the telephone trial confirmation hearing that he intends to move the Court for reopening discovery for the limited purpose of obtaining clean copies of schematics and/or photographs of the shower, cell block and tower or tier.

As discussed during the telephone trial confirmation hearing, that motion will be denied. Discovery is closed in this matter, so the motion is untimely, and Plaintiff has provided no explanation of any good cause for the late attempt to reopen discovery here. Furthermore, Defense Counsel represented that no schematics or diagrams exist that Plaintiff explained he currently seeks. The Court will not order the creation of new evidence at this date, including any creation of any schematic, diagram, or any other measurements of any cell or tier distances, lengths, widths, or other dimensions of the shower, cell block area, or tower or tier where the events at issue in this matter took place. Instead, Plaintiff may testify and may ask questions regarding these matters, if he chooses.

Nor will the Court order the new photographs that Plaintiff seeks to be taken. Over ten years have passed since the incidents Plaintiff is complaining of, and the Court is concerned the conditions of the location where the incidents at issue here occurred may have significantly changed. The Court finds the current photographs Plaintiff possesses, which were taken much closer in time to the occurrences at issue here than now, are satisfactory for the purposes of this trial.

**XI.    Stipulations**

Plaintiff seeks stipulations regarding the use of documents at trial. Specifically, that copies of all documents produced during discovery may be used as admissible evidence if such copies are complete and legible. Further, that documents produced during discovery may be used in this stipulation, including documents provided by a party or witness in response to a subpoena duces

11

1   tecum, an interrogatory, a request for admission, a request for production of documents, or as a

2   deposition exhibit. Further, that this stipulation applies to all documents produced prior to the earliest

3   date of signing the stipulation and documents signed after the stipulation is signed. Plaintiff further

4   seeks a stipulation that documents produced during discovery are deemed authentic, admissible as a

5   business record or otherwise subject to an exception to the hearsay rule, such as an official writing

6   admission of a party.

7       Defendants agree that Plaintiff seeks stipulations as to certain evidence but state that he has not

8   identified the specific evidence to which he seeks stipulations.

9       Plaintiff declined to enter into a stipulation that Defendants acted "under color of law."

10  **XII.   Amendments/Dismissals**

11      None.

12  **XIII.  Settlement Negotiations**

13      Defendants do not believe a settlement conference is warranted.

14  **XIV.   Agreed Statement**

15      Defendants do not believe that a presentation of all or part of this action upon an agreed

16  statement of facts is feasible or advisible.

17  **XV.    Separate Trial of Issues**

18      Defendants request that the issue of punitive damages be bifurcated.

19      As is the Court's general practice, the punitive damages phase, if any, will be bifurcated.

20  **XVI.   Impartial Experts – Limitation of Experts**

21      Plaintiff has moved the Court for the appointment of an expert witness. (ECF No. 343).

22      Defendants do not believe the Court needs to appoint any impartial expert witness nor limit the

23  number of expert witnesses to be called as Defendants are not calling an expert witness. They have

24  submitted an opposition to Plaintiff's motion. (ECF No. 358.)

25      The Court will issue a separate ruling on this matter.

26  **XVII. Attorney's Fees**

27      Plaintiff, seeks attorney's fees and costs. The Court finds that, as Plaintiff is proceeding pro se,

28  he is not entitled to attorney's fees.  Kay v. Ehrler, 499 U.S. 432, 435, 11 S.Ct. 1435 (1991).

1    Defendants may seek reasonable attorney's fees and costs if they prevail at trial.

2    **XVIII. Trial Exhibits**

3    No special handling.

4    Defendants have possession of the video recordings that Plaintiff seeks to introduce and will

5    provide copies to the Court at the commencement of trial.

6    **XIX.   Trial Protective Order**

7    None.

8    **XX.   Miscellaneous**

9    **A.   Further Trial Preparation**

10   **1.   Motions in Limine**

11   **a.   Briefing Schedule**

12   Any party may file a motion in limine, which is a procedural mechanism to limit in advance

13   testimony or evidence in a particular area. United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009)

14   (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants'

15   counsel advance notice of the scope of certain evidence so that admissibility is settled before

16   attempted use of the evidence before the jury. Id. at 1111-12 (quotation marks omitted).

17   Any motion in limine must be served on the other party, and filed with the Court by **January**

18   **8, 2016**. Any motion in limine must clearly identify the nature of the evidence that the moving party

19   seeks to prohibit the other side from offering at trial.

20   Any opposition to a motion in limine must be served on the other party, and filed with the

21   Court by **January 20, 2016**.  **No reply briefs shall be submitted by the parties.**

22   An order may be issued prior to trial resolving these motions. Otherwise, a motion in limine

23   hearing will be held, telephonically, on **February 2, 2016 at 10:00 a.m.** in Courtroom 8 (BAM).

24   **Whether or not a party files a motion in limine, that party may still object to the**

25   **introduction of evidence during the trial.**

26   **2.   Other**

27   **a.   Trial Briefs**

28   The parties are relieved of their obligation under Local Rule 285 to file a trial brief. If the

13

parties wish to submit a trial brief, they must do so on or before **February 2, 2016**.

### b.    Verdict Form

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do so on or before **February 2, 2016.**

### c.    Jury Instructions

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. Defendants shall file proposed jury instructions as provided in Local Rule 163 on or before **February 2, 2016**. Plaintiff is not required to file proposed jury instructions but if he wishes to do so, he must file them on or before **February 2, 2016**.

The parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. Ninth Circuit Model Jury Instructions SHALL be used where the subject of the instruction is covered by a model instruction. Otherwise, BAJI or CACI instructions SHALL be used where the subject of the instruction is covered by BAJI or CACI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern or form instruction, such as the Ninth Circuit Model Jury Instructions, BAJI, CACI, or any other source of pattern instructions. The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

All jury instructions shall indicate the party submitting the instruction (e.g., Plaintiff or

14

Defendants), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction. Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at: bamorders@caed.uscourts.gov.

### d.      Proposed Voir Dire

Proposed voir dire questions, if any, shall be filed on or before **February 2, 2016**, pursuant to Local Rule 162.1.

### e.      Statement of the Case

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **February 2, 2016**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### f.      Trial Exhibits

The original and two (2) copies of all trial exhibits, along with exhibit lists, shall be submitted to Courtroom Deputy Harriet Herman no later than **February 2, 2016**. The parties shall also serve one (1) copy of all trial exhibits, along with their exhibit list, on each other no later than **February 2, 2016**. Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.).

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.** Joint exhibits shall be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.), and Defendants' counsel shall submit the original and two copies of the joint trial exhibits, with exhibit lists, no later than **February 2, 2016**.

### XXI.   Objections to Pretrial Order

Written objections to the pretrial order, if any, must be filed on or before **January 8, 2016**. Such objections shall specify the requested modifications, corrections, additions or deletions.

### XXII.  Compliance with Pretrial Order

Strict compliance with this order and its requirements is mandatory. The Court will strictly

1    enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for

2    failure to fully comply with this order and its requirements. The Court will modify the pretrial order

3    "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Court ADMONISHES the parties and

4    counsel to obey the Federal Rules of Civil Procedure and the Court's Local Rules and orders. The

5    failure to do so will subject the parties and/or counsel to sanctions as the Court deems appropriate.

6

7    IT IS SO ORDERED.

8        Dated:    **December 18, 2015**              /s/ *Barbara A. McAuliffe*       _

9                                              UNITED STATES MAGISTRATE JUDGE