1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7            **EASTERN DISTRICT OF CALIFORNIA**
8
9   TROAS V. BARNETT,                    )   Case No.: 1:05-cv-01022-BAM (PC)
                                         )
10              Plaintiff,               )   ORDER DENYING PLAINTIFF'S MOTION FOR
                                         )   APPOINTMENT OF EXPERT WITNESS
11       v.                              )
                                         )   (ECF No. 343)
12  MARTIN GAMBOA, et al.,               )
                                         )
13              Defendants.              )
                                         )
14  _____     )

15

16  **I.      Introduction**

17          Plaintiff Troas Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18  in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented magistrate judge

19  jurisdiction. (Plaintiff's consent, ECF No. 9; Defendants' consent, ECF No. 62.) This action proceeds

20  on Plaintiff's claims that Defendants Gamboa, Duran, and Torres used excessive physical force

21  against him in violation of his rights under the Eighth Amendment of the United States Constitution

22  and that Defendant Torres failed to intervene to protect Plaintiff from harm in violation of his rights

23  under the Eighth Amendment. A jury trial is set to commence in this matter on February 23, 2016.

24          Prior to the first trial in this matter, Plaintiff sought the appointment of an expert witness on the

25  effects of blunt force trauma, and was denied. (ECF No. 198, pp. 3-5.) After this matter was remanded

26  for a re-trial, Plaintiff again expressed to the Court that he thought a medical expert witness should be

27  appointed in this matter to discuss his injuries. (ECF No. 339, p. 6.) On October 20, 2015, the Court

28  ordered that Plaintiff could file a motion for reconsideration of its prior ruling. (Id. at 7.)

## II.     Discussion

### A.     Plaintiff's Current Motion for Appointment of Expert Witness

On November 4, 2015, Plaintiff moved for the appointment of an expert witness, specifically a "licensed medical expert trained in the field of traumatic scalp injuries." (ECF No. 343, p. 6.) Plaintiff argues that the medical expert is necessary to assist the triers of fact with regard to the nature and extent of the laceration injury to his skull and the cause of that injury. (Id. at 12.)

On November 30, 2015, Defendants opposed Plaintiff's motion. (ECF No. 358.) The parties were also heard orally on this matter on December 17, 2015.

### B.     Standard

Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment a neutral, independent expert witness. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).

However, the statute authorizing a petitioner's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses. See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). An indigent prisoner litigant must bear his or her own costs of litigation, including witnesses. See, e.g., Tedder, 890 F.2d at 211. Furthermore,  although  a court may apportion costs for the expert witnesses among the parties, including apportionment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the state, the court should exercise caution.

### C.     Analysis

Although Plaintiff claims a neutral expert is needed to assist the triers of fact in evaluating the evidence in this matter, his motion and arguments at the hearing show that he actually seeks to

corroborate his testimony and version of events about his alleged injury, and seeks an advocate. He repeatedly argued that he believes himself at a disadvantage in the adversarial process because of his pro per and prisoner status, and he believes an expert witness will lend him credibility. However, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. Manriquez v. Huchins, 2012 WL 5880431, * 12 (E.D. Cal. 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).

Plaintiff's claims in this case concern whether excessive force was used in violation of the Eighth Amendment. There are no complex scientific or medical issues that require elucidation from a medical expert here. Plaintiff (and the other lay witnesses that he intends to call to corroborate his version of events) can adequately testify as to the alleged cause of his skull laceration, and his pain, injuries, and any resulting symptoms. The trier of fact will not require any expert testimony to assist it in evaluating the evidence.

**IV.  Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for appointment of an expert witness, (ECF No. 343), is DENIED.


IT IS SO ORDERED.


Dated:   **December 18, 2015**         /s/ *Barbara A. McAuliffe*        
                                  UNITED STATES MAGISTRATE JUDGE