**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROAS V. BARNETT,<br><br>            Plaintiff,<br><br>     v.<br><br>MARTIN GAMBOA, et al.,<br><br>            Defendants. | Case No.: 1:05-cv-01022-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS DELFONZO JERMAIN MOORE<br><br>(ECF No. 344)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS JORGE LUIS MANRIQUE<br><br>(ECF No. 345)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS JAMMAL DESEAN JENNINGS<br><br>(ECF No. 346)<br><br>ORDER OVERRULING PLAINTIFF'S OPPOSITION TO INMATE WITNESSES TESTIFYING FROM HDSP VIA CONTEMPORANEOUS VIDEO TRANSMISSION<br><br>(ECF No. 366) |

Plaintiff Troas Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction. (Plaintiff's consent, ECF No. 9; Defendants' consent, ECF No. 62.) This action proceeds

1

1   on Plaintiff's claims that Defendants Gamboa, Duran, and Torres used excessive physical force
2   against him in violation of his rights under the Eighth Amendment of the United States Constitution
3   and that Defendant Torres failed to intervene to protect Plaintiff from harm in violation of his rights
4   under the Eighth Amendment. A jury trial is set to commence in this matter on February 23, 2016.

5   Currently before the Court are Plaintiff's motions for the attendance of the following three
6   incarcerated witnesses: (1) Delfonzo Jermain Moore (CDCR # H58727, High Desert State Prison
7   ("HDSP")), (ECF No. 344); (2) Jorge Luis Manrique (CDCR #T86492, HDSP), (ECF No. 345); and
8   (3) Jammal Desean Jennings, (ECF No. 346). Plaintiff also filed declarations in support. Defendants
9   responded to the motions on December 3, 2015, (ECF No. 361), and Plaintiff filed an opposition to
10  that response on December 16, 2015, (ECF No. 366). The parties' arguments were also heard on this
11  matter on December 17, 2015.

12  **I.     Legal Standard**

13  In determining whether to grant Plaintiff's motions for the attendance of incarcerated
14  witnesses, the Court considers the following factors: (1) whether the inmate's presence will
15  substantially further the resolution of the case, (2) the security risks presented by the inmate's
16  presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until
17  the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717
18  F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994)
19  (district court did not abuse its discretion when it concluded the inconvenience and expense of
20  transporting inmate witness outweighed any benefit he could provide where the importance of the
21  witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515
22  U.S. 472 (1995).

23  **II.    Discussion**

24          **A.     Inmates Jermain Delfonso Moore (CDCR # H58727, HDSP) and
                    Jorge Luis Manrique (CDCR # T86492, HDSP)**
25

26  Plaintiff declares that Inmate Moore witnessed the November 4, 2003 events at issue in this
27  case from the vantage point of his cell located below Plaintiff's cell at the California Substance Abuse
28  Treatment Facility ("C.S.A.T.F."). (ECF No. 344.) Inmate Moore allegedly also witnessed Plaintiff's

2

1  resulting injuries, whether Defendant Torres immediately activated an emergency alarm, the staff's
2  response to the alarm, and the firearm discharge at issue. (Id. at 2-3.) Plaintiff also declares that Inmate
3  Manrique witnessed the events at issue in this case from his cell located next to Plaintiff's cell,
4  including the allegedly excessive uses of force and Plaintiff's resulting injuries. (ECF No. 345.)
5  Plaintiff further declares that Inmate Manrique was instructed to clean Plaintiff's cell after the incident
6  and thus observed relevant evidence.[1] (Id. at 1.)

7        Defendants confirmed that Inmate Moore is currently housed in the High Desert State Prison
8  ("HDSP"), where he is serving a 23 year-sentence for burglary 1st, burglary 2nd, robbery 2nd,
9  carjacking, and an in-custody crime of possession of a controlled substance. (ECF No. 361-1, p. 2.)
10 Inmate Moore's earliest possible release date is in June 2017. (Id.) Inmate Manrique is also currently
11 housed in the HDSP, and he is serving a life sentence for murder with a possible early release date in
12 2027. (ECF No. 361, p. 2.) Because of the expenses and security concerns attendant to producing
13 Inmates Moore and Manrique in court, Defendants argue that the Court should consider ordering those
14 inmates to testify via contemporaneous video transmission. (Id. at 1-2.) Their counsel has reserved the
15 afternoon of February 23, 2016, the first day of trial, with the litigation coordinator of HDSP for this
16 testimony.

17       Under Federal Rule of Civil Procedure 43(a), the Court may permit testimony in open court by
18 contemporaneous video transmission "[f]or good cause in compelling circumstances and with
19 appropriate safeguards[.]" Defendants have shown that the factors here weigh in favor of permitting
20 Inmates Moore and Manrique to testify via contemporaneous video transmission. According to
21 Plaintiff, Inmates Moore and Manrique were eye and ear witnesses to the events at issue in this action.
22 As such, their presence will substantially further the resolution of the case. However, there are
23 significant expenses regarding transportation and substantial security concerns for transferring these
24 inmate witnesses to court.

25       HDSP is located in Susanville, California, nearly four hundred miles from Fresno, California,
26 and as a result transporting the inmate witnesses from that facility with sufficient security will be

---

28 [1] The Court notes that these purported witnesses were not identified by Plaintiff as witnesses in the first trial of this matter. (Doc. 148-152.) The Court considers this fact as an additional reason for its decision to permit video conference-only testimony.

3

1  costly, require significant time, present housing issues, and would be disruptive for the inmates
2  themselves. Good cause and compelling circumstances may exist where a significant geographic
3  distance separates the witness from the location of court proceedings, see Beltran–Tirado v. I.N.S.,
4  213 F.3d 1179, 1186 (9th Cir. 2000) (telephonic testimony appropriate where witness was in Missouri
5  and hearing was in San Diego); Humbert v. O'Malley, 303 F.R.D. 461, 465 n. 20 (D. Md. 2014)
6  (witness in Michigan and trial in Maryland); FTC v. Swedish Match N.A., Inc., 197 F.R.D. 1, 2 (D.
7  D.C. 2000) (witness in Oklahoma and trial in Washington, D.C.), or where the costs and safety
8  concerns of producing the witness is particularly high. See Saenz v. Reeves, No. 1:09–cv–00557, 2013
9  WL 1636045, at *3 (E.D. Cal. April 16, 2013) (video testimony permitted where there was
10 "significant expense and security risk" involved in producing inmate witness). Furthermore, it is not
11 practicable to stay this case until these inmates are released.  In addition, there are substantial security
12 concerns for having these inmates physically appear in Court, as both witnesses are serving time for
13 violent crimes and on balance.  Therefore, the security issues outweigh the Plaintiff's need for
14 physical presence in Court.

15       Contemporaneous video testimony is an appropriate method for allowing Inmates Moore and
16 Manrique to testify in this case. Because a witness testifying by video is observed directly with little, if
17 any, delay in transmission, video testimony can sufficiently enable cross-examination and credibility
18 determinations, as well as preserve the overall integrity of the proceedings. See Parkhurst v. Belt, 569
19 F.3d 995, 1003 (8th Cir. 2009); see also Swedish Match N.A., Inc., 197 F.R.D. at 2 (finding that there
20 was "no practical difference between live testimony and contemporaneous video transmission").

21       Plaintiff raises a number of objections to having Inmates Moore and Manrique testify by
22 contemporaneous video transmission. In balancing the factors the Court is required to consider, the
23 Court finds that the circumstances in this case are best served by having the inmate witnesses testify
24 via video. Plaintiff argues that Defendants have not identified any explicit security risk, but in fact
25 Defendants have confirmed that Inmates Moore and Manrique are housed in a maximum security state
26 prison for Level IV inmates, and they would require a significant, costly security presence in court.
27 Plaintiff is also concerned about assurances that the witnesses will be made available and the video
28 transmission equipment will work, but Defense Counsel will be ordered to ensure the necessary

confirmations and tests will be done.

Plaintiff also speculates that Inmates Moore and Manrique could be subject to witness tampering, intimidation and threats, should they be known to be testifying in his case. Plaintiff offers nothing other than pure speculation for these concerns, and the fact that Inmates Moore and Manrique are taken to a litigation facility in the HDSP to testify rather than transported to this Court would not affect these concerns anyway. Plaintiff also wishes to privately confer with Inmates Moore and Manrique before they testify if they were brought to court, but this would not be allowed. Instead, Plaintiff will have the opportunity to question the inmate witnesses when they are sworn in to give their testimony, regardless of whether they give it via a video transmission from a litigation facility at HDSP, or in the courtroom.

Based on the foregoing, the Court will grant Plaintiff's motions for the attendance of Inmates Moore and Manrique, and order that they be made available to testify via video conference at trial.

### B.     Jammal Desean Jennings

Plaintiff declares that Jammal Desean Jennings is an inmate who was incarcerated at C.S.A.T.F. on November 4, 2013, and witnessed Plaintiff being ordered to shower with his cellmate and the resulting events, including the allegedly excessive uses of force and Plaintiff's injuries. (ECF No. 346.) Plaintiff moves for the California Department of Corrections and Rehabilitations ("CDCR") to transport Jennings to give trial testimony. However, Defense Counsel declares that Mr. Jennings is no longer in CDCR custody, as he was released on parole in 2013. (ECF No. 361, p. 3; ECF No. 361-1, pp. 1-2.) Consequently, Plaintiff's motion for CDCR to transport Mr. Jennings is denied.

### III.    Conclusion and Order

Accordingly, it is HEREBY ORDERED as follows:

1.     Plaintiff's motion for attendance of incarcerated witness Delfonzo Jermain Moore, (ECF No. 344), is GRANTED. Inmate Moore shall appear at trial by video conference pursuant to Fed. R. Civ. P. 43(a);

2.     Plaintiff's motion for the attendance of incarcerated witness Jorge Luis Manrique, (ECF No. 345), is GRANTED. Inmate Manrique shall appear at trial by video conference pursuant to Fed. R. Civ. P. 43(a);

3. Plaintiff's motion for the attendance of incarcerated witness Jammal Desean Jennings, (ECF No. 346), is DENIED;

4. Defense Counsel is ORDERED to confirm with the HDSP that their video equipment can connect to the national VTC system (NVTCS) (via DCN IP address: 10.179.144.18, Public IP address: 63.241.40.88, or ISDN address 858-812-0972). Defense Counsel is further ordered to schedule a test call with the HDSP and the Clerk's Office Information Technology staff, and also confirm the date and time for the witnesses' testimony itself. All confirmations and equipment testing should be completed on or before January 15, 2016. If Defense Counsel is unable to make these arrangements, or the video equipment is determined to be incompatible with the Court's systems, Defense Counsel shall file a status report by January 19, 2016 so informing the Court.

IT IS SO ORDERED.

Dated:   **December 18, 2015**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE