**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROAS V. BARNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN GAMBOA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:05-cv-01022-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF THE MRI'S OF PLAINTIFF'S SKULL (SERIES) TAKEN BY MARIO DEGUCHI DECEMBER OF 2005 BE PRODUCED AT THE SCHEDULED JURY TRIAL OF FEBRUARY 23, 2016 AT 8:30 A.M. IN COURTROOM 8#<br><br>(ECF No. 348) |

　　　　Plaintiff Troas Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction. (Plaintiff's consent, ECF No. 9; Defendants' consent, ECF No. 62.) This action proceeds on Plaintiff's claims that Defendants Gamboa, Duran, and Torres used excessive physical force against him in violation of his rights under the Eighth Amendment of the United States Constitution and that Defendant Torres failed to intervene to protect Plaintiff from harm in violation of his rights under the Eighth Amendment. A jury trial is set to commence in this matter on February 23, 2016.

　　　　On November 5, 2015, Plaintiff filed a motion to compel production of MRIs of his skull taken in December 2005. (ECF No. 348.) He attaches a radiology report in his possession discussing the MRIs and the relevant medical findings, (Id. at 4.), and therefore he appears to seek the production of the film images themselves. Defendants oppose the motion, noting that the MRI films are not in their possession, custody or control, and that Plaintiff's sole means of obtaining them is through the issuance of a subpoena duces tecum pursuant to Rule 34, which he did not seek while discovery was

1

open. (ECF No. 355, pp. 1-2.) Furthermore, Defendants argue that the presentation of the MRI film images would require expert witness testimony, but Plaintiff has no appropriate expert, and therefore the films would not be admissible even if produced. (Id. at 2-3.) The parties were heard on this matter on December 17, 2015, at which time Plaintiff admitted that Defendants do not possess the MRIs.

Since discovery has long been closed in this matter, Plaintiff's motion to compel is untimely. He has provided no justification showing good cause for this untimely attempt to reopen discovery. Furthermore, even if Plaintiff's motion were timely, it has no merit. Under Federal Rule of Civil Procedure 34, a party may request an opposing party to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). Several years ago in this matter, in June 2011, Plaintiff was informed that the MRIs he seeks are not in Defendants' possession, custody, or control, but rather would likely be in Plaintiff's medical file at the institution where he is housed. Despite this information, Plaintiff did not attempt to issue a subpoena duces tecum to the proper entity to obtain those documents. These matters were in fact the subject of a prior order, in which the Court explained these findings to Plaintiff. (ECF No. 104.) Since Plaintiff's motion is untimely, and because Defendants do not have actual possession or the legal right to obtain the MRIs he seeks to compel them to produce, his motion to compel is denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for production of the MRIs of Plaintiff's skull (series) taken by Mario Deguchi December of 2005 be produced at the scheduled jury trial of February 23, 2016 at 8:30 AM in Courtroom 8#, (ECF No. 348), is DENIED.

IT IS SO ORDERED.

Dated:   **December 18, 2015**          /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE