1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TROAS V. BARNETT,                )   Case No.: 1:05-cv-01022-BAM (PC)
                                 )
            Plaintiff,           )   ORDER REGARDING DEFENDANTS'
                                 )   OBJECTIONS TO PRETRIAL ORDER
      v.                         )
                                 )   (ECF No. 385)
MARTIN GAMBOA, et al.,           )
                                 )
            Defendants.          )
                                 )
                                 )
_____  )

Plaintiff Troas Barnett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims that Defendants Gamboa, Duran, and Torres used excessive physical force against him in violation of his rights under the Eighth Amendment of the United States Constitution, and that Defendant Torres failed to intervene to protect Plaintiff from harm in violation of his rights under the Eighth Amendment. The parties have consented to magistrate judge jurisdiction. (ECF Nos. 9, 62.) A jury trial is set to commence in this matter on February 23, 2016.

On January 7, 2016, Defendants filed timely objections to the Court's December 18, 2015 pretrial order in this matter. (ECF No. 385.) Defendants first seek clarification as to whether the facts set forth as "Plaintiff's Undisputed Facts" in the pretrial order will be treated by the Court as undisputed by both parties. (ECF No. 385, pp. 1-2.) Since the parties submitted separate pretrial statements, the Court has set forth in the pretrial order the facts each party asserted were undisputed. To the extent that both parties' facts are in agreement, the Court will treat them as undisputed.

///

1

Defendants also request that certain factual issues that Plaintiff listed as disputed be added to their own list of disputed factual issues in the pretrial order. These issues include whether the Defendants used malicious/sadistic force, whether they filed any false rules violation reports or criminal charges against Plaintiff, and whether Plaintiff was severely or seriously injured when Defendant Torres fired a round from the 40mm launcher. (ECF No. 385, p. 2.)  Adding these statements to Defendants' list of disputed factual issues is superfluous and will not aid in the management of the case. Fed. R. Civ. P. 16(e) (court may modify the pretrial order "only to prevent manifest injustice"). The pretrial order already reflects that Plaintiff concedes those issues are disputed by the parties. Thus, Defendants' request to modify the pretrial order is denied.

Next, Defendants object to the language in section VII of the pretrial order, regarding "Witnesses," which states that the list of witnesses includes "rebuttal and impeachment witnesses" and that no other witnesses may be called at trial, unless the parties stipulate or upon a showing that the pretrial order should be modified to prevent manifest injustice. (ECF No. 368, p. 7.) Defendants argue that the need may arise to present a rebuttal or impeachment witness depending on the testimony elicited at trial, and that they should not be precluded from calling such witnesses during trial despite them not being disclosed in their pretrial statement, nor should they be required to have such witnesses present at the beginning of trial for Plaintiff to call in his case-in-chief. Therefore, Defendants seek to have the language that the witness list includes "rebuttal and impeachment witnesses" removed from the pretrial order. (Id.)

The Court denies Defendants' request to modify the pretrial order, but offers clarification which will address the matters raised by Defendants. The Local Rules require the parties to list all prospective witnesses for trial, and only those witnesses so listed will be permitted to testify, except as otherwise provided in the pretrial order. Local Rule 281(b)(10). Thus, a witness whom a party knows that they intend to call to contradict an expected or anticipated portion of their opponent's case must be listed in the party's pretrial statement, and those witnesses not be allowed to testify if they are not listed in the Court's pretrial order. The language in the pretrial order discussing "rebuttal and impeachment witnesses" refers to these types of witnesses.

///

If a party calls a witness to testify regarding unexpected, surprise evidence or facts presented by the opposing party, the Court retains the broad latitude to allow such a witness to testify, depending on the circumstances. Also, if a witness will testify solely for impeachment purposes, the pretrial order will not preclude such testimony, since witnesses used solely for impeachment need not be disclosed prior to trial. See Fed. R. Civ. P. 26(a)(1)(A)(i) (no disclosure requirement if a witness is used solely for impeachment).

Finally, Defendants object to the pretrial order to the extent that it would preclude the use of rebuttal and impeachment exhibits, and they seek to add language to the pretrial order specifically allowing for the use of rebuttal and impeachment exhibits not listed in the pretrial order. (ECF No. 385, pp. 3-4.) Although Defendants seek to add language regarding rebuttal and impeachment evidence, their arguments solely focus on impeachment evidence.

Defendants' request is denied, but the Court again offers clarification to address the issues raised. The Local Rules require the parties to provide a list of all exhibits they expect to offer at trial, and excludes exhibits not so listed. Local Rule 281(b)(11). Whether certain evidence should be allowed into evidence to rebut new, surprise facts brought out by the opposing party will be addressed by the Court at the time such an issue is presented, under the relevant circumstances. Exhibits offered at trial solely for impeachment purposes do not need to be identified in the pretrial order or disclosed prior to trial, and therefore the fact that such exhibits are not listed in the pretrial order will not preclude their use. Fed. R. Civ. P. 26(a)(3)(A) (exempting evidence to be used solely for impeachment from pretrial disclosure requirement); see also Fresno Rock Taco, LLC v. National Sur. Corp., No. 1:11-cv-00845-SKO, 2013 WL 3803911, *4 (E.D. Cal. Jul. 19, 2013) (discussing exemption from disclosure of impeachment-only evidence).  The Court will consider if evidence that has impeachment or rebuttal value was subject to mandatory disclosure or was requested in discovery, and a litigant who fails to identify such evidence faces having it excluded at trial, or other ramifications.

///

///

///

///

For the reasons explained above, it is HEREBY ORDERED that Defendants' objections to the Court's December 18, 2015 pretrial order in this matter (ECF No. 385) are OVERRULED.

IT IS SO ORDERED.

Dated:   **January 12, 2016**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE